LUMBERMEN'S MUTUAL CASUALTY COMPANY, an Illinois Corporation, v. LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK.

19 So. (2nd) 865          June Term, 1944
December 5, 1944          Special Division A

*Ausley, Collins & Ausley,* for appellant.

*D. C. Hull, J. Compton French, Hull, Landis, Graham & French,* and *J. Lewis Hall,* for appellee.

TERRELL, J.:

Appellant filed its original and its amended bill of complaint in the circuit court seeking to restrain the appellee from using its (appellee's) name in the State of Florida because the names were so similar as to cause confusion. A motion to dismiss was granted. On appeal by certiorari to this Court, the writ was denied, the effect of which was to affirm the lower court's order of dismissal. On the going down of the mandate, the bill of complaint was again amended and a motion to dismiss was granted. The plaintiff declining to amend further the cause was dismissed. This appeal is from the final decree of dismissal.

The question presented is whether or not the second amended bill of complaint contains equity and that question

turns on that of whether or not it was strengthened by the amendments last offered. We held on the previous appeal that first amended bill was without equity.

The theory of both bills of complaint was that the names of appellant and appellee are so similar that the public is deceived, that confusion results and that unless the relief prayed for is granted, serious damage will result to the plaintiff, appellant here. On first consideration denying certiorari, Lumbermen's Mutual Casualty Company v. Lumber Mutual Casualty Insurance Company of New York, 154 Fla. 367, 17 So. (2nd) 615, we rejected this contention.

The main reliance of appellant to show equity in its second amended bill of complaint is on paragraph nine which is as follows:

"That during the year 1924, the plaintiff sought authority to transact its business in the State of New York, in which the defendant was incorporated and in which it had been conducting its business; that thereupon the defendant filed its complaint in the Supreme Court of the County of New York, Borough of Manhattan, and in such proceeding established that the name of the plaintiff was so similar to that of the defendant as to cause confusion and result in damage to the defendant's business in said State; that thereupon, and at the insistence of the defendant, the plaintiff was restrained from conducting its business in said State under its corporate name. That pursuant to such action of the defendant the plaintiff has since *been required to* conduct its business in the State of New York under the name '(American) Lumbermens Mutual Casualty Company of Illinois.' *The Principles supporting the objections made by the defendant in such proceeding were the same as those urged by the plaintiff in this cause, and the relief awarded the defendant in New York is the same as sought by the Plaintiff in Florida.*"

An inspection of paragraph nine shows that all except the part underlined was before us and was considered in the former appeal. The underlined part recites unsupported conclusions of the pleader which we do not consider add materially to the second amended bill.

Appellant also contends that the New York litigation creates an estoppel of record or by judgment, but we are not impressed with this contention because good. pleading requires that when fraud is offered as a defense, the complete record of all the pleadings and proceedings in the case on which it is founded must be offered. Prall v. Prall, 58 Fla. 496, 50 So. 867; DaCosta v. Dibble, 40 Fla. 418, 24 So. 911.

Other additions to the second amended bill of complaint have been examined but we do not think they do more than restate or elaborate on facts previously stated which were considered in the former appeal. The charge of fraud is insufficient because it is totally devoid of any allegation of fact to support it.

From this, it follows that the second amended bill of complaint is without equity so the judgment is affirmed on authority of Lumbermen's Mutual Casualty Company v. Lumber Mutual Casualty Insurance Company of New York, 154 Fla. 367, 17 So. (2nd) 615, wherein the law of the case was concluded.

Affirmed.

BUFORD, C. J., CHAPMAN and SEBRING, JJ., concur.