SEBRING, Justice.
United Life Insurance Company, a Florida corporation, doing a life insurance business in Florida on a weekly premium basis covering white lives only, brought suit against United Insurance Company,, an Illinois corporation that does principally a life, accident and health insurance busi *311 ness on a weekly premrarñ basis with people of the colored race, to enjoin the Illinois corporation from doing business in Florida, on the ground that the name of the Illinois corporation was so nearly similar to the name of the Florida corporation “as to cause or tend to cause confusion”, in violation of section 613.08, Florida Statutes 1951, F.SjA. The Secretary of State of Florida was made a party defendant to the suit on the ground that the permit issued by the Secretary of State to the Illinois corporation to do business in the state was void and contrary to the language and intent of said statute. The Florida Insurance Commissioner was also made a party defendant to the suit in order that the plaintiff might obtain a judicial determination as to the power of said defendant, under existing statutes, “to grant or withhold authority for a foreign insurance company from doing business in the State of Florida having the same or similar name as to cause or tend to cause confusion.
In due course, the Illinois corporation filed a motion to dismiss the complaint, and an answer in which it denied that the name to be used by it in the transaction of business in Florida was so nearly similar to the corporate name of the plaintiff as to cause or tend to cause confusion in its dealings. It also averred in its answer that it “offers to do equity by using [after its corporate name the phrase] '‘Of Illinois’ in connection with any insurance policies or advertising in the State of Florida.”
The plaintiff moved to! strike the material portions of this answer. Subsequently, the motion to strike was 'called up for hearing by the defendant corporation pursuant to a notice given by it that on a date specified in the notice the defendant would “call on for hearing the motion to strike, filed by plaintiff” and “the motion to dismiss, and for the taking of testimony” if required.
From the record in the cause it appears that the hearing was held pursuant to the notice and that at the close of the hearing the trial court made the announcement that it appeared that the sole question presented by the pleadings was a legal one; namely, whether the names of the plaintiff and defendant companies were so similar as to cause confusion if the defendant company were permitted to do business in Florida, and that as to such issue no relevant evidence could be submitted because of the fact that the defendant company had never engaged in business in Florida and consequently “there could not have been any experience which might have been the basis of testimony to demonstrate that the names of the plaintiff and defendant * * * were so similar as to cause the confusion mentioned in the event the [defendant] were permitted to engage in business in this state * * *.”
Based upon this view as to the nature of the issues presented 'by the pleadings, and taking into consideration the offer, of the defendant in its answer to use qualifyr ing words with its name in connection with its business operations in Florida to avoid the confusion, that reasonably might arise as complained of by the plaintiff, the trial court entered a final decree in which it found and adjudicated, in substance, (1) that standing alone and without qualification, the name of the defendant, United Insurance Company, was so similar to the name of the plaintiff, United Life Insurance Company, that if the name were used without qualifying words confusion could result; (2) that if the defendant corporation were to use the qualifying words “of Illinois” in connection with its name, each word of the name to be printed with equal emphasis, so that, in Florida the corporation would -be known as United Insurance Company of Illinois, no confusion would be likely to result.
The final decree also found and adjudicated that the administration of Chapter 613, Florida Statutes 1951, F.S.A., was reposed in the Secretary of State; and that “the determination of whether a foreign corporation has complied with the provisions of section 613.08, Florida Statutes 1951, F.S.A., is within the discretion of the Secretary of State and the Insurance Commissioner of the State of Florida, has no discretion in this matter.”
*312 .The plaintiff below has appealed from this ruling.
The first contention of the plaintiff on the appeal is that the court below committed reversible error when it entered the final decree without giving to the plaintiff the opportunity to submit evidence in support of the issues.
As respects this contention, the record before us fails to reflect that the plaintiff corporation made any objection, prior to the entry of the final decree, to the court’s limiting the issue in the case and entering a final decree thereon without the submission of evidence. We have the view that by failing to make timely objection, the- plaintiff waived the alleged irregularity complained of. But" even if it could be skid that there was no waiver and that the trial- court erred in treating the cause as though it were on final hearing, it cannot be held that such procedure prejudiced the rights of the plaintiff in view of the issue involved; for it appears to us that under all the circumstances shown by the pleadings the only real question presented was a legal one which required -no taking of testimony.
We cannot agree with the second contention of the plaintiff, that the trial court erred in finding that the Illinois corporation could do a life and accident and health insurance business in Florida provided they would add the qualifying words “of Illinois” to their corporate name.' As we understand the law in respect to the use of corporate names in connection with the doing of business the rule is as follows: “Where the words selected [by a corporation] for a corporate name are chosen from the public domain and imply a national business, and where the territory in which it operates is one that will probably be reached through the natural expansion of an established institution, which is- in fact national in scope, [said corporation] cannot demand a complete exclusion when the [established institution] bids entry, but must be content with such explanatory matter as will prevent deception, although it may not entirely eliminate confusion by the careless.” Federal Securities Co. v. Federal Securities Corporation, 129 Or. 375, 276 P. 1100, 1108, 66 A.L.R. 934. Cf. Lumbermen's Mut. Casualty Co. v. Lumber Mut. Casualty Ins. Co. of New York, 155 Fla. 297, 19 So.2d 865; and see also annotations 66 A.L.R. 934, 115 A.L.R. 1250.
We have considered all other assignments of error argued by the plaintiff arid find them tobe without merit.
Accordingly, the decree -appealed ■ from-.should be .affirmed.
. It is so ordered.
- TERRELL, Acting Chief Justice, and 'MATHEWS and DREW, JJ., concur.