ROBERT JAMES REID AND WIFE, *Appellants,* v. MATTIE R. GRANTHAM AND OTHERS.

Opinion Filed June 3, 1913.

A bill to cancel warranty deeds is fatally defective if it fail to allege possession or that the land is wild and unoccupied, and fail to make as party the warrantor in the deed.

Appealed from the Circuit Court of Hillsborough County.

Order reversed.

*Sparkman* & *Carter*, for Appellants;

*Wm. H. Jackson*, for Appellees.

COCKRELL, J.—This is an appeal from an order over-ruling a demurrer to a bill praying the cancellation and surrender of a warranty deed from the Tampa Real Estate and Loan Association to Reid and Wife.

There are fundamental defects in the bill which we cannot overlook. The Tampa Real Estate and Loan Association whose warranty deed the bill seeks to annul is not a party to defendants' warranty (Gibson v. Tuttle, 53 Fla. 979, 43 South. Rep. 310) ; the bill fails to allege either possession by the complainants or that the land involved is wild and unoccupied, lands may be occupied though not cultivated. Clem v. Meserole, 44 Fla. 191, 32 South. Rep. 783.

The case as argued here presents an interesting and rather intricate question involving the application of the rule in Shelley's Case, and if it is again to be presented we would suggest that the bill be reformed so as to give us by positive allegation the full facts as they existed, and not a bare skeleton, as in the present bill. There is no direct allegation that Laura Rawls was the daughter of Covacevich, nor that she was married at the time the deed was delivered to her, nor that she then had children. It might be well also to consider the advisabil-

ity of bringing in other parties, including all the children of Laura Rawls.

For the fatal defects above first pointed out, the demurrer should have been sustained.

Order reversed.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

SHACKLEFORD, C. J., takes no part.