CORAL REALTY COMPANY, A. K. SHIPMAN, and CORDELIA SHIPMAN, his wife, *Appellants*, vs. PEACOCK HOLDING COMPANY, PEACOCK HOTEL, INC., CORAL PEACOCK, a widow, and CECIL A. PEACOCK, *Appellees*.

138 So. 622.

En Banc.

Opinion filed December 21, 1931.

Petition for rehearing denied January 27, 1932.

*Blackwell* and *Gray*, Solicitors for Appellants;
*Hawthorne* and *Burton*, Solicitors for Appellees.

DAVIS, Commissioner:—On the 18th day of April, 1929, a contract was entered into between Coral Realty Co., a Florida corporation, party of the first part, and Coral Peacock, a widow, and Cecil A. Peacock, her son, parties of the second part, wherein it was agreed, for a consideration therein expressed, that the party of the first part convey to the parties of the second part, or to such corporation as they might designate, certain property therein described and known as "The Belfort Hotel". As consideration for said conveyance, the parties of the second part agreed to pay $15,000.00 in cash, and to convey certain property, the title to which was vested in Peacock Holding Corporation, a Florida corporation, at a valuation of $25,-000.00, and to pay in addition thereto, the sum of $80,-000.00, to be evidenced by notes for certain amounts therein stated, and maturing from time to time over a period

of ten years, all of the said notes, except one for $5,000.00, to be secured by purchase money first mortgage upon the property agreed to be conveyed, and the said $5,000.00 note to be secured by a chattel mortgage upon the furnishing, furniture and fixtures, located upon said property, and that each of said mortgages was to contain a default clause, upon failure for thirty days in making said payments. Pursuant to the terms of the contract, deeds, bill of sales, mortgages and notes were made and delivered by the respective parties thereto. On June 6, 1930, the appellees, as complainants in the lower court, because of certain alleged fraudulent representations made by the vendor, filed their bill to set aside and cancel the said deeds, bills of sale, mortgages and notes, and for a refund of the cash payment of $15,000.00, less such funds as may be shown to be due the defendants on account of the profits received by the complainants from the operation of the hotel property, and that upon failure of the defendants to comply with an order to repay such sum of money as may be found to be due them, a lien be impressed upon the said hotel property, and that the same be sold, and that proceeds of such sale be applied to the satisfaction of such sum. Special and general demurrers were interposed to the bill, which were overruled by the court. Whereupon, the defendants, who are appellants here, filed a plea, wherein they set up the said contract, the execution and delivery of the said purchase money mortgages, the entering into the possession of the property by the complainants, a default in payment of taxes, a default in the payment of the installments of the principal sum, which was due on May 17, 1930, by the complainants, and also, a default in the payment of interest due May 17, 1930, and that defendants on to-wit: 16th day of June, 1930, declared the entire sum of the balance of the purchase money represented by the said two mortgages due and payable, under the conditions and provisions of said mortgage, and thereupon, filed their

bills for the foreclosure of said mortgages; that the Peacock Hotel, Inc., a Florida corporation, one of the complainants herein, and the same corporation referred to and described in the sales contract, and the mortgagor in the said two mortgages, was made a party defendant in said foreclosure suits, that the said Peacock Hotel, Inc., filed, in said foreclosure suits, its answer, wherein it "set forth, averred and alleged all matters and things set forth and alleged in the bill of complaint herein, and prayed for affirmative relief against these defendants, upon indentically the same grounds and in identically the same words as it has prayed for relief herein", that the said answers of Peacock Hotel, Inc., were not excepted to or stricken, but that issue was joined upon same, that said causes were referred to a master, who made his report to the court, that said causes afterwards came on to be heard upon the report of the master, and exceptions thereto, and the Court made and entered final decrees of foreclosure, and that said decrees "constituted an adjudication as to the rights of the parties herein, upon the same identical subject matter as set forth in the complainants' bill of complaint herein; and the said final decrees have not been vacated, superceded or annulled, but remain in full force and effect, so as to bar, prevent, estop and preclude the complainants from having any decree against the defendants in this cause, or from further maintaining or presecuting this suit."

A copy of the alleged contract, a copy of the said answers and copies of the foreclosure decrees were attached to and made a part of the plea in this cause.

The said plea was set down for argument by the complainants, and the same was overruled by the Court. From the order overruling the said plea, the defendants appealed to this Court, and have assigned as error the overruling of special and general demurrers to the bill and the overruling and disallowing of the plea.

The first two assignments of error have not been argued here, doubtless, because of the rule that an appeal from an interlocutory order brings up nothing but the specific order for consideration.

A plea in equity does not deny the equity of the bill, but brings forward a fact which, if true, displaces it, and in equity as at law, its office is to confess the right and avoid it by matter dehors. 16 Enc. Pl. & Pr. 587, 597. As declared by this court, its function

"is to bring forward some distinct matter of fact, or number of facts, tending to a single point, which is a complete defense to the whole bill, or some distinct part of it, to which the plea applies. x x x x The cause having been heard on the plea, the facts pleaded for the purpose of the hearing were assumed to be true. But, it is also the rule, that upon such hearing the sufficiency of the bill cannot be questioned, and every material allegation of the bill not denied by the plea, is also admitted to be true." Waring vs. Bass, 76 Fla. 583, 80 So. 514; Spaulding vs. Ellsworth, 39 Fla. 76, 21 So. 812.

With the sufficiency of the bill admitted, the question for us to determine is, does the plea set up a complete defense to the whole bill?

In Gray vs. Gray, 91 Fla. 103, 107 So. 261, Judge Terrell, speaking for the Court said:

"Res judicata is defined as a legal or equitable issue which has been decided by a court of competent jurisdiction; a thing or matter settled by judgment. An estoppel by matter of record is such as arises from or is founded upon the adjudication of a competent court. Confessions or admissions made in pleadings in a court of record, decrees, and other final determinations work estoppels. Estoppel rests on equitable principles, while res judicata rests on two maxims which were its foundations in Roman law, and are as follows: (1) No one ought to be twice sued for the same cause of action; and (2) it is the interest of the state that there should be an end of litigation. x x x x x x x x.

"When the cause of action is the same, in order to make a matter res judicata there must be concurrence

of the following conditions: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality in the persons for or against whem the claim is made." See also, Brundage vs. O'Berry, 101 Fla. 320, 134 So. 520.

Section 4906 (3120) Compiled General Laws, 1927, reads as follows:

"The answer must state, in short and simple form, any counter-claim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the principal and cross-claims."

Even though this suit was begun prior to the institution of the suit to foreclose the mortgage on the realty, the court had the right under the statute to "pronounce final judgment" in that suit on both the original and cross-demand. See Norris vs. Eikenberry decided at this term; Bryne Realty Co. vs. So. Florida Farms Co., 81 Fla. 805, 89 So. 318; Hendricks vs. Stark, 99 Fla. 277, 126 So. 293.

The plea sets forth all of the conditions required for decree in the foreclosure suit to make the matter res judicata, unless it be the one that requires identity of the persons and parties to the action. We are reminded by appellees that in the foreclosure suits, the complainants were Cordelia Shipman and her husband, A. K. Shipman, and the defendant was Peacock Hotel, Inc., (and R. D. Smith and J. H. Garrison in one of the suits, the adjudications of whose interests, as stated, does not affect this suit), while in this suit Peacock Holding Co., Peacock Hotel, Inc., Coral Peacock and Cecil Peacock are complainants, and the defendants are Coral Realty Co., A. K. Shipman and Cordelia Shipman.

We have held here that the rights of persons who have an interest in the subject matter of the litigation, whether legal or equitable, cannot be adjudicated or affected by a decree rendered in a suit to which they were not made parties. Dundee Naval Stores Co. vs. McDowell, 65 Fla. 15, 61 So. 108; Ann. Cas, 1915 A, 387; See also, Robinson vs. Howe, 35 Fla. 73, 17 So. 368. Furthermore, the Court cannot adjudicate directly upon the rights of necessary and indispensable parties, without having them actually or constructively before it. Robinson vs. Howe, supra.

If a decree is binding on the parties to the proceeding, it is binding upon their *privies,* (Little vs. Barlow, 37 Fla. 232, 20 So. 240; 53 A. S. R. 249; Barse vs. Whaley, 102 Fla. 404, 135 So. 879; Cragin vs. O. & L. R. Co., 101 Fla. 1324, 133 So. 569; 15 R. C. L. 952, 1005), but it will not affect the rights of those who are neither parties nor privies in the suit. 15 R. C. L. 1005. We, therefore, come to the inquiry, Were Coral Realty Company, Peacock Holding Co., Coral Peacock and Cecil Peacock in privity with either of the parties to the foreclosure proceeding?

"The term privity' denotes mutual or successive relationship to the same rights or property". 15 R. C. L. 1015. See also, Anderson M. & L. Co. vs. Clements, 134 So. 588.

"A privy must come after him to whom he is privy, and can never precede". 23 Enc. Law. 2nd Ed. 102.

Inasmuch as neither the Peacock Holding Co., nor the Coral Realty Company took title to the property conveyed by them respectively, from either of the parties to the foreclosure proceedings, they were not in privity with them or either of them. It follows, that the plea was properly overruled because the parties to this suit are not the same as those to the suit for the foreclosure of the real estate mortgage.

Moreover, Peacock Holding Co., and Coral Realty Co., were warrantors of the title to the property conveyed by them, and were therefore necessary parties to a bill, cross-

bill or counter-claim, seeking the cancellation of the warranty deeds from Peacock Holding Co., to Cordelia Shipman and also the warranty deed from Coral Realty Co., to Peacock Hotel, Inc. See Reid vs. Grantham, 65 Fla. 500, 62 So. 480; Gibson vs. Tuttle, 53 Fla. 979, 43 So. 310.

Peacock Holding Co., and Coral Realty Co., were not parties to the foreclosure suit, and not being before the court, no decree rendered therein purporting to adjudicate the rights of the parties to the warranty deeds executed by them, respectively would be binding upon them. Fain vs. Adams, 97 Fla. 517, 121 So. 562. See Worley vs. Dade County Security Company, 52 Fla. 666, 42 So. 527; Sarasota Ice, Fish and P. Co., et al. vs. Lyle & Co., 53 Fla. 1069, 43 So. 602; Hull vs. Burr, 62 Fla. 499, 56 So. 673.

No error was committed by the lower Court in overruling the plea.

The order appealed from is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts 1929, adopted by the Court as its opinion, it is considered, ordered, adjudged and decreed by the Court that the order of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.