JOHN GILBERT v. L. R. HIGHFILL, *et al.,* as the School Board; and DAMON HUTZLER, Secretary and County Superintendent of Brevard County.

190 So. 813

En Banc

Opinion Filed July 25, 1939

Rehearing Denied Sept. 13, 1939

*S. D. McGill, McGill & McGill, Thurgood Marshall, William H. Harwick* and *Wm. S. Robinson,* for Plaintiff in Error;

*Leonard B. Newman,* for Defendant in Error.

CHAPMAN, J.—On the 24th day of May, 1938, relator filed in the Circuit Court of Brevard County, Florida, his petition for an alternative writ of mandamus directed to the Board of Public Instruction and the Superintendent of Public Instruction of Brevard County, Florida. It was made to appear thereby that the petitioner was a qualified teacher and a member of the colored race and for eleven years had taught in the public schools of said county and at the time of filing the petition was teaching under a second grade certificate as principal of the Cocoa Junior High School, a colored school, and was supported by taxation. It was alleged that the respondents had adopted and were enforcing a schedule of salaries paid to teachers in Brevard County whereby negro teachers received a basic salary of $20.00; each unit value $2.00, minimum $50.00, and that white teachers received a basic salary of $50.00; each unit value $3.00, minimum $100.00, and that these differentials are based solely on race and color. A copy of the purported salary schedules of Brevard County is attached to and by appropriate language made a part of the petition.

The prayer of the petition is, viz.:

"WHEREFORE, your relator prays, that a writ of mandamus issue to Damon Hutzler, Secretary of said Board and Superintendent of Public Instruction of Brevard County, Florida; L. R. Highfill, J. D. Pepper and W. J. Creel as members of the Board of Public Instruction of Brevard County, Florida, at their office in Titusville, Florida, requiring the said respondents to adopt and establish salary schedules for teachers in Brevard County, Florida, without distinction of discrimination on account of color of teacher

or as to school taught and further, ordering and requiring such other and further relief and protection to relator in the premises as justice may require."

An order was entered by the lower court denying the application for an alternative writ of mandamus and made certain recitals in the order which are pertinent and material to a decision of the case at bar. The order recites:

"This cause came on to be heard upon application of petitioner for alternative writ of mandamus in which the petitioner seeks to compel the respondent School Board "To adopt and establish salary schedules in Brevard County, Florida, without distinction or discrimination—." The statute under which teachers are employed by the Board, directs the Board 'To employ teachers for every school in the county and to contract with and pay the same for their services—." The Constitution provides that the Board shall establish and maintain 'A uniform system of public instruction—.' I do not find any law which requires the Board 'To establish salary schedules.' The statute seems to contemplate individual contracts with teachers, and the constitutional provision for uniformity provides for the accomplishment of a result and not the details of the means by which the same shall be accomplished. It is, therefore, ORDERED, ADJUDGED AND DECREED, That said application for alternative writ be, and the same is, hereby denied."

From the order denying the alternative writ of mandamus a writ of error was taken and the denial thereof is assigned as error in this Court.

Section 1 of Article XII of the Constitution of Florida makes it a duty of the Legislature of Florida to provide for a uniform system of public free schools and to provide for

the liberal maintenance of the same. Section 12 of Article XII of the Constitution provides that white and colored children shall not be taught in the same school but impartial provisions shall be made for both.

Section 493 C. G. L. provides for the establishment and maintenance of a uniform system of public instruction free to all youths residing in Florida between the ages of six and twenty-one years. The Board of Public Instruction of each County of Florida are charged with many constitutional and statutory duties. Sub-section 6 of Section 561 C. G. L. not only directs but makes it a duty of the Board to employ teachers for every school in the county and to contract with and pay the same for their services. It will be observed that the law does not fix the monthly sums to be paid teachers but makes it a duty of the Board to contract with and pay teachers. The amount to be paid to teachers is left to the business judgment and sound discretion of the members of the Board. It is reasonable to assume that some teachers are better prepared by education and otherwise qualified to teach than others and for this and other reasons the Legislature clothed members constituting the Boards of Public Instruction with broad powers so as to enable them to contract with the very best teachers obtainable for the funds at their disposal. It would be absurd to say that teachers of certain qualifications should receive the same monthly payments for services rendered when the members of a Board are acquainted or familiar with the preparation, scholastic attainments, natural talents and many of the different and material characteristics making the qualifications of a teacher, and these attributes are considered when entering into contracts with teachers and stipulating for their monthly payments.

We have not been supplied with citation of authorities, to the effect that the Board of Public Instruction of Brevard County had the constitutional or statutory power or authority to adopt the salary schedule made a part of the petition. This Court has no power in a mandamus proceeding to control the discretionary authority conferred by statute on the respondents here. It is the duty of the relator to show that he has a clear legal right to the performance by the respondents of the particular duty in question. See State v. Florida ast Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs., 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

We fully agree with counsel for relator and the authorities cited in their brief on the question of discrimination and an equal protection of the law as guaranteed by the 14th Amendment to the Constitution of the United States. We do not think that either of these questions is presented by this record.

This proceeding is in mandamus, and the specific relief sought should be prayed for and the prayer must be supported by allegations legally sufficient to show that the particular Act sought to be enforced is a legal duty of the respondents, and that the relator has no other remedy and has a right to require the legal duty as alleged, to be enforced by mandamus.

If it is the duty·of respondents to "adopt and establish salary schedules," such duty involves administrative discretion to be legally performed; and if the duty ·be illegally performed of record, the cancellation of such record may be enforced in appropriate ·judicial proceedings.

Even if it were sufficiently alleged that it is a legal duty of respondents to "adopt and establish salary schedules for teachers in Brevard County, Florida," which relator had a right to enforce, and that he had no other remedy than mandamus, it is not prayed that respondents be required to cancel and annul the alleged present schedule on the ground of alleged illegality.

Careful consideration has been given to the record, briefs and authorities cited by counsel for the respective parties, and after hearing oral argument at the bar of this Court, we are of the opinion that no errors appear in the record and the order appealed from should ·be and is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.