SPECTOR, Judge.
Plaintiff appeals from a final order dismissing its amended complaint charging the appellee bank with unfair competition by use of a name so similar to plaintiff’s as to mislead and confuse the public, thereby resulting in a loss of business and profits to plaintiff.
Appellant’s corporate predecessor was initially chartered in 1922 as Title and Trust Company of Florida and operated *23 both an abstract and title insurance business and a bank and trust business in Jacksonville, Florida. In 1961, the latter phase of that business was “spun off” and a new corporation was chartered under the name “First Bank and Trust Company of Jacksonville”, which has since engaged in the general banking and trust business in the Jacksonville area.
The appellee bank was originally chartered by the State of Florida under the name “Riverside Bank of Jacksonville” in March, 1947, and has since engaged in a general banking business in -jthe Jacksonville area. In 1964, the appellee was authorized to exercise trust powers in addition to its banking business but did not actually commence the trust phase until the middle of 1966. On January 31, 1967, its name was changed by charter amendment to its present name, First Guaranty Bank and Trust Company of Jacksonville. This suit was brought shortly thereafter.
By its complaint, appellant has alleged that the appellee bank deliberately changed its name so as to be imitative of appellant’s name for the purpose of benefiting from the goodwill trade name and favorable acceptance of the appellant bank; that the use by the appellee of a name so similar to that of appellant’s name has caused confusion among customers of both banks, many of whom have been misled by the similarity of the names involved; and as a result of said confusion and misleading the appellant bank has suffered damages by the loss of legitimate business and the interest or other earnings flowing therefrom, as well as from delays causing inconvenience to its customers and the added expense of handling the volume of misdirected checks, bills, and other instruments occasioned by the allegedly similar names.
It is further alleged that the choice of its name by appellee was done deliberately in a way to make it virtually identical to that of appellants so as to benefit from the public acceptance of the latter’s name and thus to thereby unfairly compete with the first user. The complaint further avers that appellee conceived and is carrying out the scheme of simulating not only the name but the advertising methods of the appellant for the purpose of confusing and deceiving the public to believe that the appellee is operated by and is one and the same bank as the appellant.
In granting appellee’s motion to dismiss, the trial court seems to have relied strongly on the generally accepted rule that financial institutions such as banks and insurance companies are allowed greater latitude in the matter of simulative names than is permitted to mercantile or manufacturing concerns. To be sure this rule has been followed in Florida by our highest court in Lumbermen’s Mutual Casualty Company v. Lumber Mutual Casualty Insurance Company of New York, 154 Fla. 367, 17 So.2d 615 (1944), an action wherein appellant sought to restrain appellee from using its name in Florida because of its similarity to the former’s, the court held that the complaint was properly dismissed for failure to allege facts showing that plaintiff was entitled to equitable relief. In its brief order denying a petition for certiorari, the court based its judgment on International Trust Co. v. International Loan & Trust Co., 153 Mass. 271, 26 N.E. 693; Fidelity Bond and Mortgage Co. v. Fidelity Bond and Mortgage Co. of Texas, 33 F.2d 580 (5 Cir.); Federal Securities Co. v. Federal Securities Corporation of Illinois, 129 Or. 375, 276 P. 1100, 66 A.L.R. 934; and like cases.
While we agree with the rule of law followed by the trial court, we are concerned about the correctness of its application in the instant cause prior to the taking of evidence. It is unnecessary to cite authority for the proposition that a defendant’s motion to dismiss admits, at least for the purpose of the motion, all facts well pleaded in the complaint. Viewing the complaint in this light, we are confronted *24 by appellee’s admission that it did select its name for the purpose of confusing and misleading the public into believing that it was connected with the appellant bank so as to capitalize on the latter’s reputation in the community. Further, we are confronted with appellee’s admission that appellant has suffered monetary damage as a result of such confusion. These are only examples of some of the admissions of fact in the case at bar which seem to belie the soundness of the economic principles which justify the existence or application of the rule applied by the court below in the posture of the pleadings before the court.
Our examination of each of the cases cited as authority by the Supreme Court in Lumbermen’s Mutual, supra, indicates that evidence was taken in all three cases before the respective courts found it appropriate to apply the rule in question-More recently, our Supreme Court in United Life Insurance Company v. United Insurance Company, 70 So.2d 310 (1954), adhered to the rule in question. There plaintiff filed an action to enjoin defendant from using a name so similar to plaintiff’s name so as to cause confusion. The defendant moved to dismiss and filed an answer by which it denied the alleged similarity in names but also offered to do equity by agreeing to use the phrase “of Illinois” after its corporate name in connection with its business in Florida. Subsequently, the defendant there called up for hearing its motion to dismiss and for the taking of testimony if required. The Supreme Court affirmed the trial judge’s ruling that no relevant evidence could be introduced on the issue of similarity and its attendant confusion because the defendant company had not theretofore done business in Florida; and, therefore, there would be no basis upon which to demonstrate the alleged similarity and confusion. An additional factor that was given consideration by the court in its affirmance in the United Life Insurance case was the defendant’s offer to use the phrase “of Illinois” in its name for the purpose of qualifying its name to avoid confusion, and, of course, the trial judge’s finding that without such qualifying words the name of the defendant corporation was so similar that confusion would result.
While we understand the law of this State on the question of corporate names to be that a greater latitude is permitted in the use of similar names by financial institutions than is the case where mercantile or manufacturing concerns are involved, we are also of the view that where a contention of unfair competition is predicated upon factual allegations of the kind now under consideration, a question of fact arises which must be determined in each case by its own circumstances.
Appellee has directed our attention to and relies heavily, as did the trial court, upon the fact that the state banking commissioner, pursuant to Section 659.07, Florida Statutes, F.S.A., has by approving its name for use administratively held that its name is not so similar to the name of existing banks so as to cause confusion. While the commissioner’s approval is, of course, evidence of nonsimilarity within the meaning of that statutory provision, it constitutes only a rebuttable presumption of that fact which is controlling only in absence of countervailing evidence. Where such evidence is produced, then the administrative approval’s status is that of independent evidence to be considered along with all of the other attendant circumstances.
Accordingly, the judgment appealed is reversed and this cause is remanded for further proceedings.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.