PER CURIAM.
This interlocutory appeal is from a post-decretal order in an action for declaratory judgment. '
In order to rinderstand the order on appeal, it is necessary to consider some of the past history of this case.
A suit was filed by Dena Feller, individually, “and on behalf of all other school teachers similarly situated”, against the Board of Public Instruction of Dade County, Florida. Plaintiff alleged that she was a “four-sevenths” school teachef in Dade County, Florida. “Four-sevenths deachers” are those teachers who contract to teach regularly for four out of every seven hour school day. She prayed that the board be ordered to give her a continuing contract (given to regular teachers after three years) and all appropriate emoluments.
The basis of her claim for a continuing contract was Fla.Stat. § 228.041(24), F.S.A., infra. The trial court entered its final decree on November 13, 1967. The final decree found “in favor of the plaintiff and each member of her class of four-sevenths teachers.” [Emphasis added] The defendant, school board, was ordered to tender plaintiff a continuing contract as of the school year 1966-1967 and to accord her the appropriate emoluments of tenure and pay; it was directed to file a sworn schedule naming each and every four-sevenths school teacher who had completed three years of service in the Dade County school system and the amount of proper compensation to which they would be entitled. No appeal was taken from the final decree.
The school board did not comply with the final decree for reasons not material or pertinent to this opinion. The members of the board were thereafter held in contempt for their non-compliance, by order dated January 30, 1968.
*739 The court, in the order of January 30, 1968, appointed a Special Examiner to examine the records of the board and to report back to the court “all persons that fall within the category provided in the final decree * * * their names * * * ” and other information relative to any amounts paid, or due, to them. [Emphasis added] No appeal was taken from this order. The Special Examiner thereafter filed his reports and a final order was rendered. The school board has appealed from that order.
It argues that the trial court committed reversible error by holding that the salary schedule of the board was established contrary to Fla.Stat. § 228.041(24), F.S.A., and that the order was too broad in that it encompassed teachers who were not included in the class as described in the final decree.
We reverse the post-decretal order herein appealed, although, of course, the propriety of the final decree and contempt adjudication are not now reviewable. Holiday, Inc. v. Glasser, Fla.App.1960, 121 So.2d 677.
The order before us adjudicated rights for “each and every school teacher employed in the 196 day (or 201 day—if a new teacher) school year program who has earned a year of service” and “each and every school teacher who has contractually performed services on an hourly basis, and has earned a year’s service;” and directed the board to pay additional salary or award continuing contracts to such persons.
This post-decretal order encompasses persons beyond the class described in the original order dated November 13, 1967. The original class comprised only the teachers who were described as four-sevenths school teachers in Dade County, Florida. The order herein appears to affect teachers beyond the class described in the original final decree. Generally, an order may not be entered either for or against persons who are not parties to the proceedings. Coral Realty Co. v. Peacock Holding Company, 103 Fla. 916, 138 So. 622 (1931); 49 C.J.S. Judgments § 28.
Notwithstanding the procedural imperfections contained within the order we also reverse upon the merits. Fla.Stat. § 228.041(24), F.S.A., makes the following definition of a “year of service:”
:{i ‡ ❖ ‡ ‡ H*
“Year of service.—The minimum time which may he recognised in administering the state program of education, not including retirement, as a year of service hy a school employee shall he full-time actual service and beginning July, 1963, such service shall also include sick leave for which compensation was received but excluding all other types of leave and holidays for a total of more than one half (1/2) of the number of days required for the normal contractual period of service for this position held, which shall be one hundred ninety-six (196) days or longer, or the minimum required for the county to participate in the minimum foundation program in the year service was rendered, or the equivalent for service performed on a daily or hourly basis; provided further that absence from duty after the date of beginning service shall be covered by leave duly authorized and granted; provided further that the county hoard of public instruction shall have authority to establish a different minimum for local county school purposes.” [Emphasis added]
% ‡ ‡ ‡ jj<
The lower court, based upon this definition, held that the salary scale used for “four-sevenths” teachers was invalid since it was based upon a year’s actual service time rather than the “year of service” defined in the statute. The court concluded this more restrictive definition must “give way” to the one in the statute. We disagree.
This statute clearly established a minimum time which a school board may recognize in administering the state program of education and specifically provides that the *740 local board has the authority to establish a different minimum for local county school purposes. In other words, it establishes a floor, or minimum for considering years of service by a school teacher but authorizes a local school board to establish a different minimum.
The local board is vested with the authority to fix the compensation to be paid teachers. Fla.Stat. § 230.23(5), F.S.A. Under the statute the board is required to adopt a salary schedule or schedules, “to be arranged, insofar as practicable, so as to furnish incentive for improvement in training and for continued and efficient service.” Subject to the minimum requirements provided by statute for those teachers issued a continuing contract, Fla.Stat. § 236.02(6), 236.07(3) (c), F.S.A., the board is vested with authority to adopt such policies, rules and regulations as is necessary to carry out the duties assigned to it by law. Fla.Stat. § 230.22, F.S.A.; Gilbert v. Highfill, 139 Fla. 444, 190 So. 813 (1939); 1960 Op.Atty.Gen. 060-79.
The language used in Gilbert v. Highfill, supra, appears to be appropriate, although it involved a petition for writ of mandamus. On page 814 the court stated:
‡
“ * * * It will be observed that the law does not fix the monthly sums to be paid teachers but makes it a duty of the Board to contract with and pay teachers. The amount to he paid teachers is left to the business judgment and sound discretion of the members of the Board. It is reasonable to assume that some teachers are better prepared by education and otherwise qualified to teach than others and for this and other reasons the Legislature clothed members constituting the Boards of Public Instruction with broad powers so as to enable them to contract with the very best teachers obtainable for the funds at their disposal. It would be absurd to say that teachers of certain qualifications should receive the same monthly payments for services rendered when the members of a Board are acquainted or familiar with the preparation, scholastic attainments, natural talents and many of the different and material characteristics making the qualifications of a teacher, and these attributes are considered when entering into contracts with teachers and stipulating for their monthly payments.” [Emphasis added]

There was no evidence, or finding, that the salary schedule adopted by the board was illegal, discriminatory or unreasonable. There is no substantial, competent evidence showing that the board clearly abused its administrative discretion in promulgating its salary schedule and the order herein appealed is, therefore, reversed and the cause remanded for further action.
Reversed and remanded.
CHARLES CARROLL, C. J., concurs in the judgment.