ON PETITION FOR REHEARING GRANTED
PER CURIAM.
The appellant has duly filed a petition for a rehearing of our per curiam order filed March 24, 1970, affirming the judgment of the circuit court (which permanently enjoined the appellant from the use of its present name) and citing as authority therefor our decision in First Bank and Trust Co. of Jacksonville v. First Guaranty Bank and Trust Co. of Jacksonville, 216 So.2d 22 (Fla.App.1968).
The main thrust of the appellant’s said petition is that in entering our said order we overlooked the recent decision of the Florida Supreme Court in Junior Food Stores of West Florida, Inc., v. Jr. Food Stores, Inc., 226 So.2d 393 (1969). Candor compels us to recognize that the petitioner’s said point is well taken.
The Junior Food Stores case, supra, was a common law trademark protection case, an action by the first registrant of a trade name to enjoin the use of a similar trade name by a second registrant. The circuit court issued the injunction, and the second registrant appealed to this court, which affirmed, and then the second registrant petitioned for the writ of certiorari in the Supreme Court, which quashed our order of affirmance.
In the course of its opinion in the Junior Food Stores case, supra, the Supreme Court recognized the following “customer confusion” test in tradename protection cases:
“The Chancellor did not limit his findings merely to the fact that respondent had made a prior registration. He carefully considered the fact that there had been confusion “among persons doing business” with the litigants because of the similarity of their tradenames. The ‘customer confusion’ test is associated with tradename protection under the general heading ‘unfair competition.’ In effect, this is merely a variation of the universal rule of tradename protection. The test is satisfied when it is shown by one seeking injunctive relief that, because of a similarity of trade-names, potential customers of the first appropriator of a tradename actually do business with a second appropriator under the mistaken impression that they are doing business with the first appropriator. If the test were satisfied in the instant case, then we would find no error in the Chancellor’s order because his undue reliance on Chapter 495 would be cured by the fact that unfair competition was afoot. Stagg Shop of Miami, Inc. v. Moss [Fla.App., 120 So. 2d 39], supra.
“However, we find that when the Chancellor noted the existence of ‘confusion,’ he was not referring to the kind of confusion that is recognized by the common law. The Chancellor was referring to the fact that certain invoices and merchandise had been misdirected from stores in one chain to stores in the other by deliverymen and salesmen who were confused by the similarity in names. Testimony indicated that mistakes of this nature had also occurred between the litigants and stores wholly outside of their respective chains. In similar cases decided by other jurisdictions, this kind of error has not been deemed of sufficient consequence to support an injunction. See Umpqua Broccoli Exch. v. Um-Qua Broccoli *785 Growers, 117 Or. 678, 245 P. 324 (1926); Federal Securities Co. v. Federal Securities Corp. [129 Or. 375, 276 P. 1100], supra. It is presumed that mistakes such' as these are due merely to inattention on the part of those charged with the servicing of the needs of businesses, and that in time the inattention will he rectified.
“The proper view of the ‘customer confusion’ test, as indicated by the definition set out previously, is that it is concerned, not with provisioners, but with those who seek to do business at the consumer level. Note, for example, how the test was applied in Stagg Shop of Miami, Inc. v. Moss, supra, wherein a particular customer was queried as to her reason for shopping in the defendant’s store. Testimony by particular customers is not essential as proof of the test so long as some evidence is presented regarding diminution in trade caused by the appropriation of a similar name by another. In the instant case, no evidence of a diminution in respondent’s trade was submitted before the Chancellor, and no customer testimony was proffered.”
In a concluding paragraph of its opinion the Supreme Court held:
“It is our opinion that the decision of the District Court should be quashed and the cause remanded to the Chancellor for further evidentiary hearing to determine the nature of an injunction to be rendered against petitioner in the light of our opinion and judgment, which injunction inter alia might, by its terms, require petitioner to increase the size of the words ‘Of West Florida, Inc.’ to dimensions which would cleanse its signs and advertising of any taint of deception or provide such other injunc-tive provisions as the equities of the case may require.”
Applying the rule recognized by our Supreme Court in the Junior Food Stores case, supra, to the record in the case at bar, we find no substantial evidence therein of customer confusion resulting from the similarity between the names of the appellant and the appellee. Therefore, in the light of the Supreme Court’s decision in the Junior Food Stores case, we realize that we erred in entering our order of affirmance filed on March 24, 1970.
Accordingly, the appellant’s petition is granted, this appeal is reconsidered, and the said order is receded from, withdrawn, and held for naught.
Therefore, the judgment appealed from herein is reversed, and the cause is remanded to the Circuit Court for Duval County with instructions for further proceedings consistent with the views herein-above expressed.
Reversed and remanded with directions.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.
RAWLS, J., dissenting.