CARROLL, DONALD, K„ Acting Chief Judge.
The plaintiff in an action for an injunction to restrain the execution by the defendant of any contracts for the construction of staging areas for tandem trailer operations on the Sunshine State Parkway, has appealed from a final order entered by the Circuit Court for Leon County dismissing his complaint with prejudice.
The basic question presented for our determination in this appeal is whether that *773 court committed reversible error in entering the said order, based upon the doctrine of-res judicata or the doctrine of estoppel by judgment.
These doctrines were invoked in the first paragraph of the defendants’ motion to dismiss the complaint, the said paragraph reading as follows:
“Case Number 67-871 styled C. Wel-born Daniel, Plaintiff, versus FLORIDA STATE TURNPIKE AUTHORITY, a body corporate and politic of the State of Florida, Defendant, constitutes res ju-dicata and/or in the alternative estoppel by judgment of the issues raised in Plaintiff’s Complaint. Gordon v. Gordon [Fla.] 59 So.2d 40. By reference, Defendants attach hereto and make a part hereof the following: Amended Complaint, Answer, Court’s Order Denying Temporary Injunction, Assignments of Error, and Final Judgment appealed from in C. Welborn Daniel v. Florida State Turnpike Authority, Case Number 67-871, and testimony of John L.. Sullivan.’’
Attached to, and made a part of the defendants’ said motion, are copies of the amended complaint, answer, the court’s order denying a temporary injunction, assignments of error, and final judgment appealed from in C. Welborn Daniel v. Florida State Turnpike Authority.
An examination of the above-enumerated papers involved in the said previous case reveals the following:
In the amended complaint for injunction, the plaintiff, Daniel, alleges that the Florida State Turnpike Authority on a certain date adopted a resolution authorizing and permitting “the operation of tandem-trailer combinations (commonly known as “double bottoming”) upon and over the Florida State Turnpike System and did purport to promulgate rules and regulations and conditions under which tandem-trailer combinations will be licensed and permitted to operate on and over said turnpike. . . .” The plaintiff then prays that the defendant, the authority, be enjoined from permitting the operation of such tandem-trailers or “double-bottoms” on the Turnpike System.
The rule is firmly established in Florida that, before the doctrine of res ju-dicata may be applied, the following conditions must exist: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality in the person for or against whom the claim is made. All four of these conditions must coincide before the doctrine of res judicata is applicable.
In Donahue v. Davis, 68 So.2d 163 (Fla. 1953), the Supreme Court of Florida recognized the following four conditions that must concur before the doctrine of res ju-dicata can be applied:
“The rule is well settled that in order to make a matter res judicata four conditions must concur, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action, and (4) identity of the quality in the person for or against whom the claim is made. Brundage v. O’Berry, 101 Fla. 320, 134 So. 520; Gray v. Gray, 91 Fla. 103, 107 So. 261; Coral Realty Co. v. Peacock Holding Co., 103 Fla. 916, 138 So. 622; City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172.”
This court thus expressed this rule in Reynolds v. Reynolds, 117 So.2d 16 (Fla. App. 1960):
“In order for the defense of res judicata to prevail, the final judgment or decree relied upon must reflect within its four corners matters from, which it can be determined that the second suit is (1) upon the same cause of action, (2) between the same parties as the first, and (3) that the final judgment in the first suit upon the merits is conclusive in the sec *774 ond suit as to every question that was presented or might have been presented and determined in the first suit.”
In the light of the foregoing rules, we hold that in the case at bar the doctrine of res judicata is clearly not applicable.
In our opinion the only condition of res judicata that is met in the present case is, surprisingly enough, the identity of the parties. The Florida State Turnpike Authority, the defendant in the prior action, was transferred to the new Department of Transportation, the defendant in the case at bar, under the provisions of Sections 20.06 and 20.23, Florida Statutes, F.S.A., enacted by the State Legislature in 1969. These statutes merged the Florida State Turnpike Authority into the said Department of Transportation. While no Florida decision has been cited or found passing on this point, we hold on general principles that there is an identity of the parties.
Another condition of the application of the doctrine of res judicata—the identity of the causes of action—does not, in our opinion, exist between the causes of action in the two cases, and so that doctrine is not applicable here.
A fair way of determining the nature of a cause of action is to examine the main prayer of a plaintiff’s complaint.
In the prior action the plaintiff’s main prayer in his complaint was for the
“issuance of a temporary injunction and restraining Order, after due notice, enjoining and restraining the Defendant Authority, and each and every member, employee and agent thereof, from letting a contract, bid or otherwise incurring any expense in connection with the establishment of ‘double bottoming staging areas’ and/or ‘marshalling areas’, and/or other facilities to be used directly or indirectly by persons and corporations desiring to use or using the Florida Turnpike System for tandem-trailer operations and enjoining the further implementation of said resolution of October 2, 1967 and/or the licensing of trucks or drivers, to so operate, and that such injunction be made permanent.”
In the case at bar the plaintiff’s main prayer in his complaint is for the:
“issuance of a temporary injunction and restraining order, with or without notice, enjoining and restraining the Department of Transportation, its agents, servants and employees, and the Secretary of Transportation, from letting any contract or incurring any expense for the acquisition or construction of staging areas for tandem trailer operations and enjoining and restraining the letting of any contract for the work proposed in Orange and Palm Beach counties, as described in paragraph 7 of this Complaint and that after final hearing such injunction and restraining order be made permanent.”
While, admittedly, there are some similarities between the two causes of action, we are not prepared to say that the two causes of action are identical, which the causes of action must be in order for the doctrine of res judicata to apply.
Even if the two causes of action are different, it would still be possible that the doctrine of estoppel by judgment might apply here, under the rules established in Florida, as set forth below.
The Supreme Court of Florida in Universal Construction Co. v. Ft. Lauderdale, 68 So.2d 366 (Fla.1953) drew the following distinction between res judicata and estop-pel by judgment:
“This is a suit wherein the cause of action is, and the parties are, the same as in the prior case. Estoppel by judgment is applicable only in those cases wherein the parties are the same in the second suit as in the former but the cause of action is different, Gordon v. Gordon, Fla., 59 So.2d 40.
*775 “As we stated in Gordon v. Gordon, supra, it is not proper, technically speaking, to consider the doctrine of res judi-cata as a branch of the law of estoppel. The basic principle upon which the doctrine of res judicata rests is that there should be an end to litigation and that ‘in the interest of the State every justiciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation.’ 59 So. 2d at page 44; italics supplied. Nevertheless, when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.”
The distinction between res judicata and estoppel by judgment was also delineated by the Florida Supreme Court in Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955), saying:
“The judge, upon the motion for summary judgment, held that all matters undertaken to be presented in the later, trover, action could have been litigated in the former, replevin, action and that the judgment, therefore, constituted res judi-cata. We agree with the judge’s ultimate decision, although we think the situation is one of bringing into play the doctrine of estoppel by judgment. The distinction between the two has recently received the attention of the Court, in Gordon v. Gordon, Fla., 59 So.2d 40; Donahue v. Davis, Fla., 68 So.2d 163, and Universal Const. Co. v. City of Fort Lauderdale, Fla., 68 So.2d 366. As was pointed out in the second cited case, there are four conditions peculiar to res judicata: identity of the thing, the cause of action, the parties, and the quality in the person for or against whom the claim is made. The purpose of both principles is the same, to bring litigation to an end. In the first cited case we said that res judicata barred a later suit between the same parties upon the same cause of action, the first adjudication being final as to matters that were or could have been presented, while estoppel by judgment would be applied to prevent a party from re-litigating questions common to two causes of action when those questions were actually decided in the first." (Emphasis supplied.)
This distinction between res judicata and estoppel by judgment is well described by writers in The Florida Bar’s work on Florida Civil Practice After Trial, “Substantive Principles in Appellate Courts,” § 12.36, p. 694, as follows:
“The doctrines of res judicata and estop-pel by judgment occasionally are confused and sometimes considered synonymous, although there is a very real distinction. In res judicata, a final decree or judgment bars a subsequent suit by the same parties based upon the same cause of action and is conclusive as to all germane matters that were or could have been raised. The principle of es-toppel by judgment is applicable when the two causes of action are different, in which case the judgment in the first suit ‘only estops the parties from litigating in the second suit issues — -that is to say points and questions — common to both causes of action’ that were actually adjudicated in the prior litigation. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), cert. den. 344 U.S. 878 [73 S.Ct. 165, 97 L.Ed. 630]. See also Shirley v. Shirley, 100 So.2d 450 (2d D.C.A.Fla.1958).”
As we see it, the heart of the doctrine of estoppel by judgment is found in the following language quoted above from the Avant decision: “. . . estoppel by judgment would be applied to prevent a party from re-litigating questions common to two causes of action when those questions were actually decided in the first.”
 Probably the best method of determining what “questions were actually decided” in the first action is to examine the judgment in the first case. We have done so, but are unable to determine there *776 from exactly what questions were “actually decided” therein. This being so, neither the Circuit Court nor this court is in a position to hold as a matter of law that questions common to both cases were “actually decided” in the first case.
For the foregoing reasons we hold that neither the doctrine of res judicata nor the doctrine of estoppel by judgment is applicable in the case at bar, so the lower court erred in entering the order appealed from herein dismissing the plaintiff’s complaint with prejudice.
In addition to the foregoing substantive reasons for reversing the order appealed from herein, a technical procedural reason exists for reversing that order— the fact that the defendant raised the defenses of res judicata and estoppel by judgment in its motion to dismiss the complaint rather than as an affirmative defense in its answer, as required by Rule 1.110, subdivision (d), Florida Rules of Civil Procedure, 30 F.S.A., which reads:
“(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servants, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim, or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation. Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b) ; provided this shall not limit amendments under Rule 1.190 even if such ground is sustained.”
As mentioned above, the defendant violated the quoted rule by raising the defense of res judicata and estoppel by judgment in its motion to dismiss.
For the foregoing reasons the order of dismissal appealed from herein must be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views herein-above set forth.
Reversed and remanded with directions.
JOHNSON and WIGGINTON, JJ., concur.