Plaintiff appeals from a final judgment rendered by the Circuit Court of Jefferson County denying declaratory and injunctive relief. Plaintiff's principal contention on appeal is that certain policies and criteria used by defendants in determining whether to grant additional compensation to *Page 1035 
teachers for previous teaching experience violates the constitutional guarantees of due process and equal protection. We affirm.
The testimony at trial revealed the following facts. Plaintiff is an employee of the defendant Jefferson County Board of Education, having taught at Leeds Junior High School for approximately three years at the time of trial. The other defendants are the members of the Board, individually and in their respective capacities. Plaintiff was initially employed prior to the 1975-76 school year. The Board's policy at that time was, and continues to be, to give "credit," i.e.
additional compensation, to those new employees who have had previous "quality" teaching experience, as evidenced by (1) possession of an Alabama Teacher's Certificate and/or (2) teaching experience at a school accredited by the Southern Association of Colleges and Schools (hereinafter the "Southern Association"). At the time of his employment in 1975, plaintiff had no previous teaching experience at a school accredited by the Southern Association, nor had he taught in any school while possessing an Alabama Teacher's Certificate.
The record indicates that plaintiff, after his graduation from Southern Missionary College in Tennessee, received a Tennessee Teaching Certificate in August 1970, and that he had been employed as a teacher in the following schools operated by the Church of the Seventh-Day Adventists: 1970-1971, Idaho Falls SDA Schools, Idaho Falls, Idaho; 1971-1972, Waycross SDA School, Waycross, Georgia; 1972-1974, Montezuma Oglethorpe SDA School, Montezuma, Georgia. These schools are properly accredited within their particular denominational system. In 1974 plaintiff received both an Alabama and a Georgia Teaching Certificate; but did not teach during the 1974-1975 school year. Plaintiff testified that his previous teaching experience (duties, subjects taught, discipline of students, etc.) at the Seventh Day Adventist schools was comparable to that at Leeds Junior High School; and that he had possessed sufficient qualifications in 1970 to have obtained an Alabama Teacher's Certificate had he chosen to do so.
Plaintiff testified that upon being hired he inquired about receiving credit for his previous teaching experience; he was told that the matter would be checked into and he would be given credit if he qualified. Plaintiff stated that he received no written guidelines or statement of policy regarding the Board's procedure for determining eligibility for credit for previous teaching experience. His request for credit was denied.
The only written statement of policy regarding the giving of credit existing at the time plaintiff was hired appears in the 1973 Jefferson County Board of Education policy manual. That policy is stated as follows:
 In setting the salary of an appointee to a teaching position, full credit is allowed to outside teaching . . . experience, which must be verified.
Dr. J. Revis Hall, Superintendent of Jefferson County Schools, testified that he personally ruled on plaintiff's request for credit. He stated that he concluded plaintiff was ineligible for credit because the information and experience indicated on plaintiff's application "did not measure up" to the standards used by the Board in making such determination.
In implementing the above-quoted Board policy over the last ten years, the Board has looked for those factors which indicate that an employee has had such experience by applying the two criteria — teaching experience at a school accredited by the Southern Association (or an accreditation association with similar standards), and/or teaching experience received while in possession of an Alabama Teacher's Certificate. Dr. Hall stated that the applicant has the responsibility to present the necessary information supporting the request for credit.
After an ore tenus hearing, the trial court rendered a final judgment dated August 31, 1978 denying the relief sought by plaintiff. The trial court found that plaintiff had failed to show by the evidence that the defendants' policy regarding additional compensation for prior teaching experience was discriminatory or exercised in an unlawful *Page 1036 
or unconstitutional manner; and that plaintiff had failed to show by the evidence that the standards utilized and exercised by the superintendent of the Jefferson County Board of Education were unlawful, arbitrary or not consistent with valid educational standards or criteria for the purpose of evaluating prior teaching experience.
We note that the trial court's judgment states that the deposition of Dr. D.K. Griffith was considered by the lower in reaching its decision, but that deposition apparently was not included in the record on appeal.
Plaintiff contends on appeal that the defendants' policy violates the constitutional guarantees of due process by creating a set of irrebuttable presumptions which are inconsistent with defendants' stated objective of rewarding teachers for prior experience. He argues that defendants, upon determining that plaintiff had not met the two above-mentioned criteria, conclusively presumed that plaintiff did not have the requisite experience entitling him to receive credit for his previous teaching experience; and that the Board failed to allow him an opportunity to offer other evidence as to the quality of his prior experience, preferring to use the two simple criteria for reasons of administrative convenience. Plaintiff argues that the use of such irrebuttable presumptions "which are not necessarily or universally true in fact" is impermissible, since the two criteria used to show that his four years of previous experience were not meritorious are not reasonably, or even rationally, related to an objective inquiry into the quality of that experience, citing, inter alia,Cleveland Board of Education v. La Fleur, 414 U.S. 632,94 S.Ct. 791, 39 L.Ed.2d 52 (1974).
Plaintiff further contends that the application of the Board's policy results in disparate treatment of individuals with equal experience, thereby violating the constitutional guarantees of equal protection. Royster Guano Co. v. Virginia,253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920). He argues that his teaching experience in the Seventh Day Adventists' institutions, for which he was denied credit, may well have been equal to or better than that he would have obtained at a non-accredited public school in Jefferson County or in an accredited school elsewhere, for either of which he would have been given credit.
The defendant, Jefferson County Board of Education, is vested by statute with the general administration and supervision of the public schools in that county (except those schools under the supervision of city boards of education), Code of Alabama 1975, § 16-8-8, and is vested with policy-making authority. §16-8-10. The Board has the authority to enter into contracts of employment with teachers for fixed compensation. Id.; §16-8-23. Local boards of education may establish in their budgets general salary schedules for their employees. §16-13-143.
It is widely recognized that school boards have the authority to classify teachers for purposes of compensation. Indeed, this is common practice. See 78 C.J.S. Schools and School Districts
§ 224 (1952); 68 Am.Jur.2d Schools § 144 (1973); Annot., 133 ALR 1437 (1941). It is generally held that such a classification must be reasonable, natural, and based upon substantial differences germane to the subject. See, e.g.,Hutton v. Gill, 212 Ind. 164, 8 N.E.2d 818 (1937); Richards v.Board of Education of Township High School District No. 201,21 Ill.2d 104, 171 N.E.2d 37 (1960); Gilbert v. Highfill, 139 Fla. 444, 190 So. 813 (1939). The classification must not be arbitrary, discriminatory, or unreasonable. Hutton v. Gillsupra; Morris v. Williams, 149 F.2d 703 (8th Cir. 1945); Riblev. Hughes, 24 Cal.2d 437, 150 P.2d 455, 154 A.L.R. 137 (1944).See also, 78 C.J.S. Schools and School Districts § 224 (1952) and 68 Am.Jur.2d Schools § 144 (1973) for discussions of other cases invalidating teacher classifications based on improper criteria such as race, sex, and marital status.
The question of the validity of a classification of teachers for purposes of compensation has been passed upon by the courts in several cases, in most of which the classification *Page 1037 
has been sustained as based upon reasonable distinctions and as promotive of the progress and welfare of the school system. See cases collected in Annot., 133 ALR 1437 (1941). Specifically, these classifications have withstood claims of invalidity where, as here, the claimant asserts violations of due process and equal protection. See e.g., Phelps v. Board of Education ofTown of West New York, 300 U.S. 319, 57 S.Ct. 483, 81 L.Ed. 674
(1937); Lompoc Federation of Teachers v. Lompoc Unified SchoolDistrict, 58 Cal.App.3d 701, 130 Cal.Rptr. 70 (1976); Richardsv. Board of Education of Township High School District No. 201,supra.
After careful consideration of the above-cited authorities, we conclude that plaintiff's contentions are without merit. Defendants' policy of providing additional compensation to those employees who have acquired previous teaching experience and its utilization of the stated criteria in making its determination are reasonably and rationally related to the purposes for which that policy was promulgated. The record in this case supports the trial court's conclusion that the plaintiff has failed to prove arbitrary or discriminatory treatment.
Nor can we agree that plaintiff, upon initial denial of his claim for credit, was wrongfully denied a further opportunity to present evidence regarding the quality of his previous teaching experience, where the burden was on plaintiff to present such evidence and the record does not indicate that plaintiff sought a reconsideration of that initial determination.
Our conclusion is further supported by the opinion in Fry v.Board of Education of the City and County of San Francisco,17 Cal.2d 753, 112 P.2d 229 (1941). In Fry the Supreme Court of California indicated that the city board of education, in the exercise of its discretionary control over teachers' salaries, could reasonably make a classification between teachers with teaching experience within the city and those with teaching experience outside the city, and upon this classification could allow or disallow credit in setting the salary ratings for incoming teachers.
A determination by an administrative agency is not "arbitrary" or "unreasonable" where there is reasonable justification for its decision or where its determination is founded upon adequate principles or fixed standards. StateDepartment of Pensions Security v. Whitney, Ala.Civ.App.,359 So.2d 810 (1978).
If reasonable minds may well be divided as to the wisdom of administrative board's action, or there appears some reasonable basis for the classification made by the board, such action is conclusive and the court will not substitute its judgment for that of the administrative body. Rible v. Hughes, supra.
Before a reviewing court can set aside a judgment rendered by the trial court sitting without a jury, it must appear that the judgment is plainly and palpably contrary to the evidence heard by the court. Scroggins v. Alabama State Board of Pharmacy,51 Ala. App. 104, 283 So.2d 178 (1973). The record contains sufficient evidence to support the trial court's conclusion that the Board's policy does not suffer from the constitutional infirmities suggested by plaintiff. This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.