HENDRY, Judge.
The record reveals that in 1977 appellant/plaintiff had filed a complaint for in-junctive relief against appellees seeking to enjoin them from using the name of “American Mat and Rubber Products” and demanding damages; appellees answered and counterclaimed to enjoin appellant’s use of the corporate name and made demand for damages. The cause subsequently was tried by the court, and the final judgment now under review was entered.
The record further reflects that the parties knew of the existence and name of the foreign corporation, although none of the parties were able to prove that American Mat and Rubber Products, located in Ohio, had given its authorization for direct use of the name. Appellant, who formerly worked for appellees, Vera Starr and Adolph An-dresen, in July 1974 filed under Florida’s fictitious name statute [Section 865.09, Florida Statutes (1971)] in the name of American Mat and Rubber Products when he opened his own rubber mat business. Appellees asserted in the trial court that they had built their business reputation as distributors of the rubber mats produced by American Mat and Rubber Products of Ohio, and that Harry Starr, Vera Starr’s late husband and Adolph Andresen’s brother-in-law, had been the southeastern representative of American Mat and Rubber Products from 1955 through 1974. However, the evidence shows that the Starr/Andresen firm was incorporated and operated exclusively under the name of Acme Mat and Rubber Company until September 1974 when appellees registered in the name of American Mat and Rubber Products and filed an affidavit under Florida’s fictitious name statute.
The trial court correctly found that neither of the firms involved in this appeal has proved that it was a subsidiary of the foreign corporation or authorized to use the subject name. Bearing in mind that one of the purposes of causing the avoidance of use of the same corporate name by two separate entities is for the protection of the public against confusion [See Chapter 495, Florida Statutes; First Guaranty Bank & Trust Co. of Jacksonville v. First Bank & Trust Co. of Jacksonville, 237 So.2d 783 (Fla. 1st DCA 1970); Junior Food Stores of West Florida, Inc. v. Jr. Food Stores, Inc., 226 So.2d 393 (Fla.1969); Luckie v. McCall Mfg. Co., Inc., 153 So.2d 311 (Fla. 1st DCA 1963)], we affirm the trial court’s final judgment in most part.
That is, we affirm the portion of the final judgment that holds that: (1) neither the appellant nor the appellees has showed or proved a right to use the name “American Mat and Rubber Products”, (2) that neither the appellant nor the appellees has proved entitlement to damages. See, Abner’s Beef House Corporation v. Abner’s International, Inc., 227 So.2d 865 (Fla.1969), and Scalise v. National Utility Service, Inc., 120 F.2d 938 (5th Cir. 1941). However, as to the trial court’s holding by which it retained jurisdiction of the cause, the subject matter and the parties hereto in order to enter further rulings regarding future use of the subject corporate name upon proof of formal, proper permission having been granted by the Delaware Corporation, American Mat Corporation of Wapakoneta, Ohio, we must reverse. Not only is such a ruling beyond the scope of the issue raised by the parties, but the foreign corporation situated in Ohio has not been a party to any of the proceedings in the case. Therefore, the trial court is without jurisdiction to adjudicate any matters having any direct bearing on said corporation’s business policies. Notwithstanding the fact that, as a matter of law, the corporate entity may have had standing to join in the action it was by no means an indispensable party; since it was not a party to the cause, the trial court could not properly adjudicate any of its present or future rights, obligations or options. See, Board of Public Instruction of Dade County v. Feller, 219 So.2d 737 (Fla. 3d DCA 1969) and Coral Realty Co. v. Peacock Holding Co., 103 Fla. 916, 138 So. 622 (1931).
Affirmed in part, reversed in part.