211 So.2d 20 (1968)
Shellie Mae LEWIS, Petitioner,
v.
HOT SHOPPES and Florida Industrial Commission, Respondents.
No. 1715.
District Court of Appeal of Florida. Fourth District.
May 31, 1968.
*21 E.O. Denison, Fort Pierce, for petitioner.
Davis W. Duke, Jr., of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for respondent Hot Shoppes.
Patrick H. Mears, Tallahassee, and James R. Parks, Miami, for respondent Florida Industrial Commission.
OWEN, Judge.
Petitioner seeks writ of certiorari to the Florida Industrial Commission to review an order denying petitioner unemployment compensation benefits under Chapter 443, F.S. 1967, F.S.A.
When petitioner's employment had been terminated, she had applied for unemployment compensation benefits. The claims examiner found petitioner to be disqualified from such benefits because she voluntarily left her employment without good cause attributable to her employer. Petitioner then followed the administrative procedure for an appeal and was given notice of a hearing before an appeals referee, the notice reciting that the issues would be (1) whether claimant has been able to work and available for work, and (2) whether claimant voluntarily left her employment without good cause attributable to her employer.
At the hearing before the appeals referee the evidence on these two issues was entirely favorable to the claimant. However, the employer introduced evidence showing that petitioner had been discharged for misconduct connected with her work. The appeals referee thereafter entered his decision finding that claimant did not leave her employment of her own accord but was discharged by the employer for misconduct connected with her work, and was therefore disqualified for benefits. The Board of Review affirmed; hence the petition to this court.
The administrative hearing given petitioner in this case fails to meet the essential requirements of law inasmuch as claimant did not have notice that misconduct connected with her work would be an issue to be considered at the hearing. Due process of law requires either proper notice of the issues to be heard or a basis in the record to show an informed and intelligent waiver of the same. Neither was present in this case.
The petition for writ of certiorari is granted; the order reviewed is quashed; and the cause remanded for further proceedings not inconsistent herewith.
CROSS and REED, JJ., concur.