HOBSON, Judge.
We review by certiorari an order of the Industrial Relations Commission affirming the decision of the appeals referee granting respondent Johnson unemployment compensation.
Here the petitioners, county commission, contend they were afforded no notice of the proceedings before the appeals referee, with the result being that the petitioners were denied the presence of a representative to present facts and evidence bearing on respondent Johnson’s claimed entitlement to unemployment compensation benefits. Section 443.07(4)(b)(2), F.S. 1966, provides as follows:
“Unless the appeal is withdrawn with his permission or is removed to the board of review, the appeals referee, after affording the parties a reasonable opportunity for a fair hearing, shall make findings *843 and conclusions and on the basis thereof affirm, modify, or reverse such determination; provided, however, that whenever an appeal involves a question as to whether services were performed by a claimant in employment or for an employer, the referee shall give special notice of such issue and of the pendency of the appeal to the employing unit and to the commission, both of whom shall thenceforth be parties to the proceeding and be afforded reasonable opportunity to adduce evidence bearing on such question.” (emphasis supplied).
We think this case is controlled by the language in Lewis v. Hot Shoppes, Fla. App. 4th 1968, 211 So.2d 20, where the court said at page 21:
“Due process of law requires either proper notice of the issues to be heard or a basis in the record to show an informed and intelligent waiver of the same.”
Although Lewis, supra, involved the denial of notice to a claimant for unemployment benefits, we think due process requires that notice be accorded employers in equal degree, absent waiver. The question of whether petitioner ever received notice of the hearing before the appeals referee remains a question of fact.
Petition for certiorari is granted and this case is remanded to the Industrial Relations Commission for further proceedings to determine whether or not petitioners were afforded proper notice or waived the same.
McNULTY, C. J., and SCHEB, J., concur.