BOYER, Judge.
Escambia Mid-County Development Corporation (Escambia) seeks review of a final order of the Department of Commerce, Division of Employment Security (Department) determining that Escambia is the successor to Rosemont Nursing and Convalescent Home, Inc. (Rosemont) and, as such, must assume the employment record of its predecessor by virtue of F.S. 443.08(3)(g)(l).
Escambia established a nursing home and leased it to Rosemont which began managing and operating the home in a building owned by Escambia. The management of Rosemont left a great deal to be desired. On May 16, 1975, as a result of numerous breaches and defaults, Escambia terminated its lease relationship with Rosemont and directed Rosemont to vacate the nursing home premises. Rosemont complied. Es-cambia then made application to the state and federal agencies to operate a nursing home and, with appropriate approval, began operation of the nursing home effective May 20, 1975. In the meantime arrangements were made so that it would not be *857 necessary for the patients to be removed from the premises. When Escambia took over the operation it began using all of the fixed assets on the premises essential to the operation of the nursing home and employed most of the employees which had been employed by Rosemont. Without the fixed assets and the employees the patients of the home could not have been cared for. Escambia did, however, hire new administrators. In January of 1976, the Department notified Escambia that it had become liable as an employer as defined in F.S. 443.03(7)(d) and that it was assigned the unemployment tax rate of Rosemont in the amount of .0450 per cent rather than the standard rate. Escambia filed a protest whereupon a hearing was held by a special deputy. The special deputy recommended that the protest be denied, concluding that Escambia was the successor employer to Rosemont and was required to take the experience rating of Rosemont. Escambia filed exceptions to the report and the director of the Division of Employment Security entered an order adopting the report and recommendation of the special deputy, denying Escambia’s protest.
Although the facts of this case elicit sympathy we are only at liberty to apply the law.
F.S. 443.03(7) defines the term “employer”. Clearly Rosemont was an employer. Escambia concedes that it is an employer. We agree with Escambia that the last cited statute has no effect other than to describe it and Rosemont as employers. So far as this case is concerned and so far as Escam-bia and Rosemont are concerned F.S. 443.-03(7)(d) has no special significance.
F.S. 443.08 is a long complicated section entitled “contributions”. That section (F.S. 443.08) has six subsections. The scheme for the numbering of statutes in the official Florida Statutes, as explained in the preface in volume 1 thereof, provides that statute chapters are identified by a whole number appearing to the left of the decimal point, the whole numbers appearing at the right of the decimal point identifying sections of the statute. Thus in the designation “F.S. 443.08” the numbers to the left of the decimal point (443) denotes the chapter and the numbers to the right of the decimal point (08) denote the section. Subsections are identified by whole arabic numbers enclosed by parenthesis. Therefore, in the designation “F.S. 443.08(3)” the last arabic number enclosed in parenthesis designates the subsection. Paragraphs within a subsection are identified by lowercase letters enclosed by parenthesis; subparagraphs by whole arabic numbers followed by a period; and sub-subparagraphs by lowercase letters followed by a period. Accordingly, the words “For the purposes of this subsection” as found in F.S. 443.08(3)(g)l. means that the language following that phrase is applicable to the entire subsection, viz: 443.-08(3), which is entitled “Contribution Rates Based On Benefit Experience.” The last mentioned sub-paragraph provides as follows:
“For the purposes of this subsection, two or more employers who are parties to a transfer of business or the subject of a merger, consolidation, or other form of reorganization, effecting a change in legal identity or form, shall be deemed to be a single employer and shall be considered as one employer with a continuous employment record if the division finds that the successor employer continues to carry on the employing enterprises of the predecessor employer or employers.”
Escambia, after urging a more restricted application of the effect of the foregoing paragraph by virtue of the introductory words “for the purposes of this subsection” further urges its inapplicability for the reason that, Escambia claims, there was no “transfer of business” merger, consolidation nor other form of reorganization as between Rosemont and Escambia. We cannot so interpret the statute. While it is true that Escambia did not purchase the convalescent home business from Rosemont it “got” it. Clearly there was a “transfer” and equally clearly Escambia is the successor to Rosemont.
AFFIRMED.
McCORD, C. J., and McLANE, RALPH M., Associate Judge, concur.