BOYER, Judge,
dissenting.
It is important to note the exact issue, as phrased in the majority opinion: Does F.S. 443.16(2) authorize the Industrial Relations Commission to order the payment of fees to attorneys representing unemployment compensation claimants before the Commission from the Employment Security Administration Fund? The issue is not whether such fees are “required” but only whether authorized. Accordingly, the arguments set forth by the majority that such construction “would soon bankrupt the Employment Security Administration Fund because every attorney representing a claimant before the Commission would be entitled[1] to a fee to be paid from the fund, win, lose or draw” is, in my view, without merit.
*737 Paragraph (a) limits the fee an attorney may charge or receive for representing a claimant before the Commission or a court to an amount approved by the Commission or the court.
Paragraph (b) authorizes a district court of appeal or the Supreme Court to fix an attorney’s fee for the representation of a claimant before it and to require the Division of Employment Security to pay the fee. Subparagraphs 1 and 2 limit such authority to cases where review or appeal is initiated by a party other than the claimant or to cases where review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision reviewed or appealed.
Paragraph (c) directs that attorneys’ fees awarded be paid by the division out of Employment Security Administration funds as a part of the costs of administration.
Paragraphs (a) and (d), it will be noted, use the word “approved”. Paragraph (b) uses the word “fixed” and paragraph (c) “awarded”.
The division takes the position that paragraph (a) is restricted to fees charged by a claimant by an attorney and has no relation to the “award” of a fee; that paragraph (b) is the only provision providing for the fixing of a fee and that it is effective only as to cases (1) where the petition for review or appeal is initiated by a party other than the claimant or (2) where initiated by the claimant and results in a decision awarding more benefits than did the decision reviewed or appealed, reasoning that paragraph (c) which directs that attorney’s fees “awarded under this section” be paid out of the Employment Security Administration fund, refers only to paragraph (b). It therefore concludes that F.S. 443.16(2) does not authorize the commission to award attorney’s fees to attorneys representing unemployment claimants before it to be paid out of Employment Security Administration funds.
The claimants urge that paragraph (c) is ambiguous and unclear, and that we should resolve the ambiguity and lack of clarity in their favor.
They further argue that the purpose of the Unemployment Compensation Act is to lighten the burden which falls upon the unemployed worker and his family; that the legislature has recognized that the unemployment compensation claimant has the need of assistance of attorneys, and that many attorneys will be unwilling to accept employment in such cases unless there is a reasonable possibility that they will receive a reasonable fee.
Certainly I agree that this court is without authority to legislate. However, where confusion exists it is not only our prerogative but our duty to construe acts passed by our legislature, our responsibility being to attempt to determine the legislative intent.
The use of the word “section” in F.S. 443.16(2)(c) refers to the entire statute. (See Escambia Mid-County Development Corp. v. State Dept. of Commerce, etc., 356 So.2d 855 (Fla. 1st DCA 1978)) The crucial word is, of course, “awarded”. In common parlance, when referring to attorney’s fees, the words “award”, “fix”, “allow”, “set” and “approve”, are used interchangeably. It is not unusual for a lawyer or a judge to refer to “awarding” attorney’s fees in domestic relations cases, probate cases, eminent domain cases, mortgage foreclosure cases,, actions on promissory notes, etc. when technically he or she means “allowing” or “approving”.
F.S. 443.16(2)(a) does not prohibit an agreement between a claimant and an attorney as to attorney’s fees but it does prohibit any agreement for any fee in excess of an amount approved by the commission, division or court. Under such circumstances we know that the customary contract between the claimant and the attorney will be that the attorney will agree to accept such sum as is “set” by the appropriate body. The “setting” of a fee is tantamount to “awarding” a fee. The legislature, when it used “approved” in paragraph (a) and when it used “awarded” in paragraph (c) intended, I believe, the latter to include the former.
*738 It is not urged by the claimants, nor would I contend, that a fee of such magnitude as to “bankrupt the Employment Security Administration Fund” would be authorized, awarded, fixed, allowed, set, or approved in every case. I would anticipate, on the contrary, that such fees would be restricted by those principles applicable to other types of litigation in which courts become involved with attorney’s fees[2].
As conceded by the majority, the very purpose of the Unemployment Compensation Act is to lighten the burden which falls upon the unemployed worker and his family. The construction placed by the majority upon the statute is not, in my view, in keeping with that purpose.
I would grant certiorari in the Porrata and Huertas cases and deny in the Nichols case. I would also grant the claimants timely filed motion for attorney’s fees incident to review in this court pursuant to F.S. 443.16(2).

. Emphasis added.

. Complexity of issues, success, amount in controversy, etc.