BARKDULL, Judge.
This is an appeal by the employer, Edwin H. Browder, Jr., from the order of the Department affirming a prior decision of a special deputy, charging employer with tripled unemployment compensation rates because of unemployment of an employee who had worked for and been terminated by a former corporate employer, on the premise that by “acquiring” [1] the former employer’s assets in lieu of a mortgage foreclosure the present employer became responsible for such unemployment compensation rates.
Prior to April 1, 1975, the appellant had individually operated a business on property he owned in Miami, Florida. On April 1, the appellant sold the assets of the sole proprietorship to a corporation; appellant had no interest or direction in the corporation. In connection with the sale, appellant leased to the corporation the real property upon which the business was located; he also took back a security agreement and chattel mortgage for $160,000.00.
The corporation became delinquent under both the lease and the security agreement and, under threat of foreclosure, voluntarily surrendered the remaining assets covered by the security agreement to the appellant. The appellant did not get the corporate stock or other corporate assets, if any, nor did he acquire the corporate organization. The appellant had endeavored to find a buyer for the assets, but was not successful. Faced with the alternative of selling off the assets at a loss or re-starting his former business, the appellant elected the latter course and did so as a sole proprietor.
One Ronald Jackson, who worked for the corporation from January 1, 1976 to March 18, 1977 as a commission salesman with a guaranteed weekly draw of $150.00, was laid off by the corporation because of, as Jackson himself said “lack of work, as they went bankrupt”. The appellant had no involvement in the employee’s hiring or termination by the corporation.
*1143 When Mr. Browder re-started the operation of the business, he offered Ronald Jackson employment but on a straight commission basis, with no guaranteed draw. Jackson declined to stay, and filed for unemployment compensation against his corporate employer.[2]
The appellant was ultimately held liable for the corporate employer’s experience rate and taxed a treble amount. This appeal ensued. The appellant contends, first, that he did not acquire the corporate business by virtue of the default and threatened foreclosure, so as to make him personally liable as a successor employer. Second, if Sections 443.03(7)(d), 443.08(3)(g)(l), and 443.08(3)(i)(l), Florida Statutes (1975) are applied in such fashion, they are unconstitutional as denying him due process of law.
We reverse. Acquiring the assets in lieu of a foreclosure sale or under threat of such does not make the appellant subject to the former employer’s experience rating for unemployment compensation rates.[3] See: Sens v. Slavia, Inc., 304 So.2d 438 (Fla.1974); Baron v. Aiello, 319 So.2d 198 (Fla. 3d DCA 1975). If the statute is to be construed as contended by the State, it would be unconstitutional in its application, as it has denied to the appellant the opportunity to have a due process hearing, to wit: notice of the proposed charge and an opportunity to reply prior to the increased experience rating becoming an encumbrance to him. The impact of the agency action is to impose an obligation on the appellant as a result of taking the security interest without any opportunity to be heard. See: Hardee County Commissioners v. Florida Department of Commerce, Division of Employment Security, 343 So.2d 842 (Fla. 2d DCA 1976); Lewis v. Hot Shoppes, 211 So.2d 20 (Fla. 4th DCA 1968).
To require a subsequent entity, which continues a business, to be responsible for the prior employer’s unemployment compensation rating may be justified in an arms’ length voluntary transaction, wherein the purchaser can adjust the purchase price in accordance with the responsibility undertaken. Such an opportunity is not present when one is forced, involuntarily, to reacquire pledged assets.
Therefore, the order under review be and the same is hereby reversed, with directions to accord the appellant-employer with an unemployment compensation insurance rate as of the time he started the business in March of 1977.
Reversed and remanded, with directions.

. See: Section 443.03(7)(d), Florida Statutes (1975), reading in part as follows:

“(7) ‘Employer’ means:

“(d) Any individual or employing unit which acquired the organization, trade, or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this chapter or which acquired a part of the organization, trade, or business of another which at the time of such acquisition was an employer subject to this chapter, provided such other would have been an employer under paragraph (a) of this subsection if such part had constituted its entire organization, trade or business.”

. This matter started out as a claim by Jackson, wherein he stated his last employer was Browder-Kirtland Sales, Inc.; that he terminated work on March 18, 1977 because of lack of work, “bankruptcy”. This was originally processed by the Department under the corporate account # 037283A. The notice of decision of referee, dated June 6, 1977, was directed to the corporation and not to the individual. The Department apparently unilaterally amended the claim number to # 037283B, and applied it as the account number for the individual employer whose account it ultimately charged. In other words, the action started out as a claim against a corporate employer and ended up with the decision adverse to a private individual employer, with nothing in the record to indicate how the Department ever secured jurisdiction over the individual who was protesting throughout the proceeding that he was not liable. This is probably additional fundamental error in this case. Board of Public Instruction of Dade County v. Feller, 219 So.2d 737 (Fla. 3d DCA 1969); Turner v. Turner, 175 So.2d 47 (Fla. 3d DCA 1965); Coral Realty Co. v. Peacock Holding Co., 103 Fla. 916, 138 So. 622 (1931).

. We have not overlooked Escambia Mid-County Development Corporation v. State Department of Commerce, Division of Employment Security, 356 So.2d 855 (Fla. 1st DCA 1978), but find it distinguishable on the facts as the subsequent employer clearly continued the nursing home, maintaining the patients and employees; plus, there was no offer of reemployment as in the instant case. If Escambia, supra, is not distinguishable on the facts, we decline to follow it because of the reasoning expressed herein.