HOBSON, Acting Chief Judge.
Petitioner J. A. Miles Oil Company, Inc. seeks review of a final agency order which assigned petitioner a higher experience rating and thus a higher unemployment compensation tax rate. Petitioner argues that it is not a “successor employer” within the contemplation of Section .443.08(3)(g)(1), Florida Statutes, and should not be assessed at the higher rate. We agree with petitioner’s argument and reverse the final agency order.
The following facts were specifically accepted by the special deputy in his report and recommended order and adopted in the final agency order.
Petitioner is a Shell Oil Company jobber that leases a number of service stations to various dealers. In 1963, petitioner erected a service station on real property owned by petitioner in Plant City. The service station has been dealer operated during most of the period from 1963 to the present time. In 1973, W. H. Horton, Sr. became the. dealer • at the station pursuant to an oral agreement with petitioner which gave Horton the right to operate and otherwise use the station, contingent upon payment of rent to petitioner. Horton was under no obligation to purchase supplies or other in *1189 ventory from petitioner and frequently purchased these items from other sources. Horton’s employees were not employed by petitioner.
Horton failed to make the rent payments in accordance with the agreement and on September 1, 1976, petitioner informed him that he must make the payments or vacate the premises. Horton did not make the payments and was given thirty days notice to vacate. Horton issued two bad checks to petitioner and petitioner obtained a judgment against Horton and his wife for $9,700. On October 1,1976, Horton vacated the service station, taking all the current inventory with him, including his two trucks, and leaving only the permanent fixtures. All of Horton’s employees left the station as well. Petitioner immediately changed the name of the station from “Horton’s Shell Service” to “Park Street Shell.” No money changed hands between Horton and petitioner.
At that time, petitioner, unable to locate another dealer-operator, restocked the station and operated it. Petitioner transferred employees from its other stations to operate the station until a new dealer could be found. After one month, petitioner located another dealer and transferred its employees back to their former work locations. In the meantime, Horton opened a Citgo station in Plant City under the name “Horton’s Service.” He retained the same employees and the same telephone number that he had used at the Shell station.
At all times pertinent to this case, petitioner owned the service station and the real property on which it was located. Petitioner owned the gasoline in the tanks, the license to sell the gasoline, and, further, paid 'the property tax on the real estate and intangible tax on the permanent fixtures. The acting director relied chiefly on the case of Escambia Mid-Cty. Dev. Corp. v. State Dept. of Com., etc., 356 So.2d 855 (Fla. 1st DCA 1978), in reaching the conclusion that petitioner was a successor employer to Horton. The director’s discussion of Escambia stated:
I find even more interesting the court’s ultimate conclusion that despite whatever argument exists on what constitutes a transfer of business or what constitutes a continuation of employing enterprises, the fact is, as is present in the instant case, that the petitioner “got” the business of the predecessor. ■
The Escambia case dealt with a corporation which established a nursing home and leased it to another corporation which managed and operated the home. Due to various breaches and defaults, the managing corporation was directed by the owning corporation to vacate the premises. The owning corporation began operating the home, utilized the fixed assets on the premises, employed most of the employees who had been previously employed by the evicted corporation and made application to state and federal agencies to operate the home. The First District Court held that the owning corporation was a successor employer and could be assigned the experience rating of the predecessor employer for purposes of unemployment compensation taxes.
We note that the Third District Court in a recent opinion based on facts similar to the instant case, reversed the agency’s holding that the subsequent employer had acquired the former employer’s assets and was responsible for increased unemployment compensation rates. Browder v. State, Dept. of Labor & Employment, 375 So.2d 1141 (Fla. 3d DCA 1979). In that case, Browder operated a business on property he owned. He later sold the assets of his sole proprietorship to a corporation and leased to the corporation the real property on which the business was located, taking back a security agreement and chattel mortgage. The corporation became delinquent under both instruments and under threat of foreclosure, voluntarily surrendered the remaining assets covered by the security agreement to Browder. Browder attempted to find a buyer for the assets but was not successful. He restarted his former business as a sole proprietor. The Third District Court held that “[acquiring assets in lieu of a foreclosure sale or under threat of such does not make [Browder] subject to the former employer’s experience rating for unemployment compensation *1190 rates.” That court specifically noted the Escambia case, but declined to follow it, stating:
To require a subsequent entity, which continues a business, to be responsible for the prior employer’s unemployment compensation rating may be justified in an arm’s length voluntary transaction, wherein the purchaser can adjust the purchase price in accordance with the responsibility undertaken. Such an opportunity is not present when one is forced, involuntarily, to reacquire pledged assets.
375 So.2d at 1143.
We are of the opinion that the issue in the instant case may' be more fairly resolved under the reasoning of Browder. Petitioner’s operation of the service station was involuntarily undertaken in order to avoid financial losses after Horton’s eviction and until a new dealer could be located. Under the factual circumstances of this case, we hold that the agency was incorrect in requiring petitioner to assume Horton’s experience rating record. We therefore grant the petition for review, set aside the final agency order, and remand this cause to the agency for further proceedings not inconsistent with this opinion.
PETITION GRANTED.
BOARDMAN and DANAHY, JJ., concur.