PER CURIAM.
Ackerley appeals from a final determination by the State agency that it was a successor employer to Donnelly Advertising Corporation of Florida (Donnelly) and Empire Advertising Industries, Inc. (Empire), and was thus liable for their unemployment compensation contributions.
On October 7,1977, Ackerley entered into a purchase agreement with Donnelly and Empire, the latter of which was making unemployment contributions as liable employer under the Unemployment Compensation statute. Ackerley acquired the operating assets, plant, employees, and contractual rights of Donnelly and Empire, but did not acquire their monies on deposit, notes or accounts receivable, claims for compensation or other choses in action, trade names, goodwill, or liabilities. Moreover, the two corporations continued to exist thereafter for a short time until liquidated. After the date of the purchase agreement, Ackerley paid unemployment contributions of one per cent.
On April 4,1979, Ackerley received notice that the Department of Labor and Employment Security, Division of Employment Security (Division) determined that it was a successor corporation and was liable for an increase to four and one-half per cent in unemployment contributions retroactive for 1978 and 1979. Following an appropriate demand, a hearing upon stipulated facts was held before a special deputy, who rendered a report in words and figures, in part, as follows:
“§ 443.08(3)(g)l., Florida Statutes (1977) provides:
... Contributions.—
(3) Contribution Rates Based on Benefit Experience.—
(g)l. For the purposes of this subsection, two or more employers who are parties to a transfer of business or the subject of a merger, consolidation, or other form of reorganization, effecting a change in legal identity or form, shall be deemed to be a single employer and shall be considered as one employer with a eontinuous employment record if the division finds that the successor employer continues to carry on the employing enterprises of the predecessor employer or employers.
As can be seen in § 443.08(3)(g)l., supra, two criteria must be met before the successor employer is required to take the employment record of the predecessor. These criteria are:
(1) Two or more employers being parties to a transfer of business.
(2) The successor employer continues to carry on the employing enterprises of the predecessor employer or employers.
In the instant case, clearly there was a transfer of business from both predecessor corporations to the Petitioner. The business of each predecessor corporation was the operation of outdoor advertising structures or billboards. Not only did the Petitioner acquire the operating assets of both predecessor corporations, but it also acquired the advertising contracts of each predecessor corporation. The Petitioner continued to operate same. It is further clear that each predecessor corporation ceased functioning in the outdoor advertising business as of the date of the sale. It should be specifically noted that the purchase agreement between the parties was a voluntary transaction. For the relevancy of this point, See: J. A. Miles Oil Company, Inc. v. Division of Employment Security, 381 So.2d 1188 (Fla.2d DCA 1980) and Edwin Browder, Jr., t/a Browder-Kirtland Sales Co. v. State of Florida, Department of Labor and Employment Security, Division of Employment Security, 375 So.2d 1141 (Fla. 3d DCA 1979).
It is also clear that the Petitioner continued to carry on the employing enterprises of the predecessor employer or employers. The Petitioner continued to carry on the business operation operated by the predecessor, and in so doing, initially employed substantially all of both predecessors’ employees to carry out this business operation.
*1360 The Petitioner argues that the phrase ‘affecting a change in legal identity or form’ mandates a finding that the Petitioner was not a successor employer because none of the three corporations involved effected a change in legal identity or form subsequent to the transaction. The Special Deputy cannot accept this argument for two reasons. The first reason is that § 443.08(3)(g)2., Florida Statutes (1977), provides:
Each predecessor shall in the event he again employs persons be treated as an employer without previous employment record, or, if his coverage has been terminated as provided in § 443.09, as a new employing unit.
Clearly, § 443.08(3)(g)2., supra, contemplates that the predecessor legal entity will be retained; otherwise, there would be no reason for that portion which states ‘he again employs person be treated as an employer without previous employment record’. If the legal entity had changed, the new legal entity would automatically be considered a new employing unit.
The second reason is the decision in the case of Escambia Mid-County Development Corporation v. Division of Employment Security, 356 So.2d 855 (Fla. 1st DCA 1978). In that case, Escambia established a nursing home and leased it to Rosemont Nursing and Convalescent Home, Inc. (Rosemont). Because of numerous breaches and defaults, Escambia terminated its lease with Rosemont and directed Rosemont to vacate the premises. Rosemont complied and Escambia made application to state and federal agencies to operate a nursing home, and with approval, began the operation. In the meantime, arrangements were made so that it would not be necessary for patients to be removed from the premises. When Escambia took over the operation, it began using all the fixed assets on the premises essential to the operation of the nursing home, and employed most of the employees which had been employed by Rosemont, except the administrators. The court, after citing § 443.08(3)(g)l., Florida Statutes, stated, on page 857:
Escambia, after urging a more restricted application of the effect of the foregoing paragraph by virtue of the introductory words ‘for the purposes of this subsection’ further urges its inapplicability for the reason that, Escambia claims that there was no ‘transfer of business’ merger, consolidation nor other form of reorganization as between Rosemont and Escambia. We cannot so interpret the statute. While it is true that Escambia did not purchase the convalescent home business from Rosemont it ‘got’ it. Clearly there was a transfer and equally clearly Escambia is the successor to Rosemont.
The court clearly considered the same argument raised by the Petitioner, but rejected said argument. Based upon the facts in the instant case, it is equally clear that there was a transfer of business from both predecessor corporations to Petitioner, and that it got the business of the predecessor through a voluntary sale.
The Petitioner further argues that the Division’s interpretation of the phrase ‘employing enterprises’ is a rule and since it was not properly promulgated according to Chapter 120, Florida Statutes, it is invalid. The Special Deputy does not have the jurisdiction to declare a rule valid or invalid. The hearing before the Special Deputy is a de novo hearing to determine the correctness of Agency action. The law is clear in the criteria to be considered when the transfer of business is between two employers. As set forth in Escambia, supra, § 443.03(7)(f), Florida Statutes was of no significance. § 443.08, supra, was the only controlling statute. The Special Deputy would conclude that the criteria as set out in Fact 21 may be evidence as to whether there was a transfer of business and whether the successor employer continued to carry on the employing enterprises. However, these criteria are not in and of themselves conclusive. In any event, as stated previously, this proceeding is de novo, and the Special Deputy has relied on the plain wording of the statute and cases cited herein. *1361 The Petitioner also argues that Chapter 78-295, § 2, Laws of Florida, which amended § 443.08(3)(g)l., supra, effective July 1, 1978, should be applied prospectively to status determinations by the Division, and thus, since the determination in the instant case was made subsequent to the amendment, the Petitioner should have the option of assuming the contribution records.
The Petitioner specifically argues that the phrase, ‘if the division finds’ is the operative language, and that since the Division’s findings were made subsequent to the amendment, that the amendment is applicable. The Special Deputy rejects the Petitioner’s argument and finds that the date on which the transfer of business occurred is determinative and the law in effect at that time is applicable. In that regard, the Special Deputy determines that the amendments made by Chapter 78-295 are prospective in nature. See: Walker and La Berge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977). For the same reasoning, the Special Deputy rejects the Petitioner’s argument that § 443.-08(3)(g)l., supra, is amended by Chapter 79-308, § 4, Laws of Florida is applicable in the instant case.”
This report was appealed to the Director of the Division, who entered a Final Agency Order sustaining same and this appeal ensued.
The facts were stipulated to; the Deputy adequately set forth the law applicable to the facts; there was no question but that Ackerley succeeded to the going business and enterprise of Donnelly and Empire and, as such, was a successor employer under the statute. Therefore, no error has been made to appear in the Final Agency Order. See: Escambia Mid-County Development Corporation v. Division of Employment Security, 356 So.2d 855 (Fla. 1st DCA 1978); Walker and La Berge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977); compare: J. A. Miles Oil Company, Inc. v. Division of Employment Security, 381 So.2d 1188 (Fla. 2d DCA 1980); Edwin Browder, Jr., t/a Browder-Kirtland Sales Co. v. State of Florida, Department of Labor and Employment Security, Division of Employment Security, 375 So.2d 1141 (Fla. 3d DCA 1979); Section 443.08(3)(g)1., Florida Statutes (1977).
The Final Agency Order is affirmed.
Affirmed.