HAWKINS, Presiding Justice,
for the Court:
Prentiss Manufacturing Company, Inc. (Prentiss Manufacturing), appeals from a judgment of the circuit court of the First Judicial District of Hinds County affirming a Mississippi Employment Security Commission (the Commission) assessment of another corporation’s unemployment rate of contributions on the ground Prentiss Manufacturing was a “successor corporation” under Miss.Code Ann. § 71-5-355(2)(b)(v). Finding the circuit court and the Commission erred as a matter of law, we reverse and render.
FACTS
Prior to 1986 Iuka Shirt operated a plant in Iuka, employing approximately 300 people in the manufacture of military shirts under government contract. The company also imported shirts. It leased the building housing its operations from a local corporation.
Iuka Shirt cut down its work force in 1986 and notified the city that it was going to cease operations in Iuka that year. Thereafter, it closed its plant and moved its operations to Savannah, Tennessee.
The community leaders approached Pren-tiss Manufacturing Company, Inc., another shirt manufacturing industry, with five plants in Northeast Mississippi, to locate a plant in Iuka in the building being vacated by Iuka Shirt. Prentiss Manufacturing manufactured knit shirts, an entirely different product from Iuka Shirt.
The city loaned Prentiss Manufacturing $305,000 under a community development block grant, and in return the company committed itself to employ 250 employees, and to spend $430,000 of its own funds for *867 equipment, site improvements and such expenditures needed for the Iuka plant. It leased the building Iuka Shirt vacated, and got a ten-year ad valorem tax exemption as a new industry from the county. Prentiss Manufacturing initially employed 140 of the personnel who had worked at Iuka Shirt, but most of these either proved unsatisfactory or moved to other jobs.
Prentiss Manufacturing purchased $175,-000 of Iuka Shirt’s equipment, consisting mostly of sewing machines. This was only a portion of Iuka Shirt’s assets, however. The remaining assets consisted of piece goods worth $100,000, work in process worth $200,000, trim items worth $30,000 and finished products inventory of $400,-000.
The two companies were totally unrelated, having no common directors, officers of shareholders. Prentiss Manufacturing did not know any of Iuka Shirt’s customers) and bought none of its good will, accounts receivable, or any other assets, tangible or intangible.
The Commission found Prentiss Manufacturing to be a successor corporation under the provisions of Miss.Code Ann. § 71-5-355(2)(b)(v) for purposes of assessing Prentiss Manufacturing’s unemployment rate of contributions.
The circuit court of the First Judicial District of Hinds County affirmed, and Prentiss Manufacturing has appealed.
LAW
For a number of years this state has had a Mississippi Employment Security Law to promote employment security in job placement and to provide through the accumulation of reserves for the payment of compensation to unemployed individuals. Miss. Code Ann. § 71-5-1 (1972). The public policy of this state has been to require employers, with certain exceptions, to pay a certain amount of each employee’s wages to the Employment Security Administration fund of the state treasury. Miss. Code Ann. §§ 71-5-3, 71-5-111 (1972). This law and the programs thereunder have been administered by the Mississippi Employment Security Commission [MESC]. Miss.Code Ann. § 71-5-101 et seq. (1972)
Under formulas and rates set by law, employers have paid a certain percentage of each employee’s wages to the fund. Unemployment benefit records are kept on all employees, and provision is also made whereby employers who have a low “experience-rating record” will be charged “modified rates.” Thus, employers periodically will have their required contributions modified based upon the unemployment benefits which have been paid during a previous set period of time, or “base period.” Miss.Code Ann. §§ 71-5-351 to -355 (Supp.1981).
In determining the modified rates to an employer, § 71 — 5—355(2)(b)(ii) provides that benefits paid to an eligible individual shall be charged against the experience-rating during the base period.
Mississippi Employment Security Commission v. City of Columbus, etc., 424 So.2d 553, 554 (Miss.1982).
Rather than use Prentiss Manufacturing’s experience rating record, however, the Commission assessed this company for unemployment contributions based upon Iuka Shirt’s experience rating record. The Commission based this assessment upon the provisions of Miss.Code Ann. § 71-5-355(2)(b)(v) which provides:
(v) When any employing unit in any manner succeeds to or acquires the organization, trade, business or substantially all the assets thereof of an employer, excepting any assets retained by such employer incident to the liquidation of his obligations, whether or not such acquiring employing unit was an employer within the meaning of Section 71-5-11, subsection H, prior to such acquisition, and continues such organization, trade or business, the experience-rating and payroll records of the predecessor employer shall be transferred as of the date of acquisition to the successor employer for the purpose of rate determination. [Emphasis added]
We conclude that Prentiss Manufacturing is not a successor employer under the statute, and the Commission had no evi- *868 denee to support its finding, and erred in its application of the law.[1] The findings of the hearing officer, affirmed by the Commission, noted that both companies manufactured shirts, that Prentiss Manufacturing took over the same building and water tower of Iuka Shirt, hired 140 people who had been employed by Iuka who performed similar duties as they had for Iuka Shirt. He made no finding as to what equipment Prentiss Manufacturing had purchased from Iuka Shirt, or what portion of the assets this constituted. Neither did he mention the assets Prentiss Manufacturing did not purchase.
In order to constitute a successor corporation under the statute, it is necessary that the employing unit:
(1) succeeds to or acquires the organization, trade, business, or
(2) substantially all the assets of the predecessor, and
(3) continue such organization, trade or business.
The Commission never maintained that Prentiss Manufacturing acquired “substantially all the assets” of Iuka Shirt, but rather that it did “succeed to or acquired its organization, trade, business,” and that it continued it.
We disagree.
Clearly Prentiss Manufacturing did not acquire the trade or business of Iuka Shirt. While the two were engaged in shirt manufacturing, they were distinct and separate. It did employ a number of employees that Iuka Shirt had laid off in closing its operations, but this hardly constituted the “organization” of Iuka Shirt. Moreover, it clearly did not continue the organization, trade or business of Iuka Shirt. The organization of Prentiss Manufacturing and its trade and business manufactured an entirely different product sold to entirely different types and kinds of purchasers.
No doubt the employees of Iuka Shirt had work experience useful in some degree to Prentiss Manufacturing shirt, but these employees, collectively or individually, did not encompass the “organization” of Iuka Shirt.
To require Prentiss Manufacturing to be responsible for rate payments based upon Iuka Shirt’s experience would be the same as assuming a debt Prentiss Manufacturing did not make. In order to impose this work experience upon Prentiss Manufacturing, it would be necessary that it have got far more benefit from Iuka Shirt’s closing and transfer of assets than acquired in this case. We will not attempt to define in this case the precise line which must be crossed in order for a new plant operating in the place and stead of a closing plant in order to constitute a successor corporation under the statute. Suffice it to say it was not reached in this case. See generally, Mascom Management v. Labor and Industrial Relations Commission, 586 S.W.2d 802, (Mo.Ct.App.1979); D S G Corporation v. Shelor, 239 Kan. 312, 720 P.2d 1039 (1986); State v. Skyland Crafts, 240 N.C. 727, 83 S.E.2d 893 (1954); Stewart v. Maine Employment Security Commission, 152 Me. 114, 125 A.2d 83 (1956); and J.A. Miles Oil Company, Inc., v. State Department of Labor, 381 So.2d 1188 (D.C.App.Fla.1980).
Of some analogy is the fact that this transfer of equipment alone would not have been considered a “bulk transfer” under Miss.Code Ann. § 75-6-102(2) (Supp. 1989). Imposition upon one party of the debts or obligations of another in which he played no part in making should not be done lightly. When a statute does make such an imposition, the conditions precedent of the statute must be clearly met.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. Miss.Code Ann. § 71-5-531 provides in pertinent part:
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.'