HAWKINS, Presiding Justice,
for the Court:
The only question on this appeal is whether workers who return to work following a three-day strike only to learn their employer has replaced them with other persons are entitled to unemployment benefits under the Mississippi Employment Security Law for loss of their jobs.
We hold they are and reverse the judgment of the circuit court of Lowndes County denying such benefits.
FACTS
We adopt the facts stated by the Board of Review of the Mississippi Employment Security Commission:
The claimants worked for Sanderson Plumbing Company, Columbus, Mississippi. They are members of the Southern Council of Industrial Workers, Local 2445, affiliated with United Brotherhood of Carpenters and Joiners, AFL-CIO. Such union has had a collective bargaining relationship with Sanderson Plumbing for some ten years. The most recent collective bargaining agreement between the company and the union ran from July 19, 1984, through July 18, 1987.
Prior to the expiration of the contract on July 18, 1987, there were collective bargaining negotiations between the union and the employer and an attempt to arrive at the terms of a new contract. The negotiations were unsuccessful and ne *216 gotiations continued after the date of expiration of the old contract. Being unable to negotiate a contract agreeable to both the union and the company, the union called a strike, effective 6:00 AM on September 15, 1987. A picket line was established and some two hundred eighty six of the employees went on strike as of that time. About one hundred thirty six of the workers reported to work. The production of the company on September 15 was approximately 35% of the normal production.
The company began immediately to hire new workers and on September 18, 1987, the strike was terminated by the union and the workers. The employer was informed that all of the striking workers were ready and willing to unconditionally return to work. Work was not available for the claimants, however, because new workers had been hired by the employer. The workers were placed on a recall list and are being recalled by the employer by seniority as work becomes available. Claims for benefits were filed by the claimants subsequent to the termination of the strike on September 18, 1987. When they were ready and willing to return to work with the employer, work with such employer were [sic] not available for them.
The Board of Review found the employees disqualified for any benefits for the period they were out on strike, but qualified for benefits thereafter. The circuit court found the employees disqualified for unemployment benefits even following their return to work, and the employees and Commission have appealed.
LAW
We have previously written on Mississippi Employment Security Law:
For a number of years this state has had a Mississippi Employment Security Law to promote employment security in job placement and to provide through the accumulation of reserves for the payment of compensation to unemployed individuals. Miss.Code Ann. § 71-5-1 [Rev.1989]. The public policy of this state has been to require employers, with certain exceptions, to pay a certain amount of each employee’s wages to the Employment Security Administration fund of the state treasury. Miss.Code Ann. §§ 71-5-3, 71-5-111 [Rev.1989], This law and the programs thereunder have been administered by the Mississippi Employment Security Commission. Miss.Code Ann. § 71-5-101 [Rev.1989].
Under formulas and rates set by law, employers have paid a certain percentage of each employee’s wages to the fund. Unemployment benefit records are kept on all employees, and provision is also made whereby employers who have a low “experience-rating record” will be charged “modified rates.” Thus, employers periodically will have their required contributions modified based upon the unemployment benefits which have been paid during a previous set period of time, or “base period.” Miss.Code Ann. §§ 71-5-351 to -355 [Rev.1989 and Supp. 1991],
Mississippi Employment Sec. v. City of Columbus, Etc., 424 So.2d 553, 554 (Miss.1982); Prentiss Mfg. v. Employment Sec. Comm., 558 So.2d 866, 867 (Miss.1990).
Because the rate of contributions assessed against an employer depends upon the unemployment benefits paid laid off or discharged employees, it is obviously monetarily advantageous to the employer to keep such benefits as low as possible.
The law has a salutary purpose in denying unemployment benefits to any employee who “left work without good cause,” Miss.Code Ann. § 71-5-513(A)(l)(a); or is “discharged for misconduct connected with his work,” Miss.Code Ann. § 71-5-513(A)(1)(b). Likewise, Miss.Code Ann. § 71-5-513(A)(4) disqualifies the unemployed worker for any benefits:
(4) For any week with respect to which the commission finds that his total unemployment is due to a stoppage of work which exists because of a labor dispute at a factory,[1]
*217 The employees recognize the clear disqualification for unemployment benefits for the three days they were out on a strike. Sanderson Plumbing makes no claim that the employees are disqualified because they “left work without good cause” under Miss.Code Ann. § 71-5-513(A)(1)(a), or that they were “discharged for misconduct connected with their work” under Miss.Code Ann. § 71-5-513(A)(l)(b). Rather, it pins the disqualification solely under Miss.Code Ann. § 71-5-513(A)(4), claiming their “unemployment is due to a stoppage of work which exists because of a labor dispute.’’
To permit an employee to simply quit his job, to be discharged for misconduct at work, or leave because of a labor dispute and yet collect unemployment benefits would be giving him his cake and letting him eat it, too. The employee is free to do any of this, but he cannot do so and also collect unemployment benefits. The law does not grant largesse to the employee for any such behavior.
By the same token, even though the employee has gone on a strike on a meritorious and well justified grievance, the employer is free to replace him and inform the employee when he returns to work that he is out of a job. But, the employer cannot do so and at the same time deny him unemployment benefits. To permit this would give the employer his cake and let him eat it, too.
Sanderson Plumbing’s argument that these employees, who have ended the strike and unconditionally returned to their jobs, are now somehow unemployed “due to a stoppage of work which exists because of a labor dispute” is not only a strained and tenuous interpretation of the words of the statute, but also would emasculate the salutary purpose of the act. A main purpose of the act is to give some compensation to a worker who, without fault or choice on his own part, finds himself unemployed. Miss. Code Ann. § 71-5-1.
Miss.Code Ann. § 71-5-513(A)(4), as the Commission found, only applies to the period that the employee is out because of a stoppage of work due to a labor dispute in which he, the employee, chose to leave the job. It has no application to the period beginning as here, when the employee returns to work in good faith only to find his employer has replaced him solely because-of their labor dispute. He is then out of work because of something over which he has no control. See A-1 Compressor, Inc. v. Review Bd. of Indiana Employment Sec. Div., 481 N.E.2d 1120, 1124 (Ind.App. 1 Dist.1985); Baugh v. United Telephone Co., 54 Ohio St.2d 419, 377 N.E.2d 766, 769-70 (1978); Ruberoid Co. v. California Unemployment Insurance Appeals Board, 59 Cal.2d 73, 27 Cal.Rptr. 878, 378 P.2d 102 (1963).
JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY REVERSED, AND DECISION OF THE BOARD OF THE REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION REINSTATED.
ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., dissents with written opinion joined by DAN M. LEE, P.J. ,
PRATHER, J., not participating.

. There are exceptions to this disqualification not involved in this case, because we hold the *217 paragraph does not apply to the unemployed claimants.